1:17-cv-853 DAD-EPG
First Amended Complaint

# EXHIBIT A

MAYALL HURLEY P.C.
**ROBERT J. WASSERMAN (SBN:  258538)**
rwasserman@mayallaw.com
**WILLIAM J. GORHAM (SBN:  151773)**
wgorham@mayallaw.com
**NICHOLAS J. SCARDIGLI (SBN:  249947)**
nscardigli@mayallaw.com
**JOHN P. BRISCOE (SBN:  273690)**
jbriscoe@mayallaw.com
**2453 Grand Canal Boulevard**
**Stockton, California 95207-8253**
**Telephone:  (209) 477-3833**
**Facsimile:  (209) 473-4818**

Attorneys for Plaintiff Elizabeth Wise and the Putative Class

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELIZABETH WISE, an individual,** | **Case No.:  1:17-cv-00853-DAD-EPG** |
| Plaintiff, | **FIRST AMENDED CLASS ACTION COMPLAINT FOR** |
| vs. | |
| **ULTA SALON, COSMETICS & FRAGRANCE, INC.; and DOES 1-100, inclusive,** | 1. **FAILURE TO PROVIDE PAID REST PERIODS** |
| Defendants. | 2. **FAILURE TO PAY SEPARATELY AND HOURLY FOR REST AND RECOVERY PERIODS AND FOR OTHER NONPRODUCTIVE TIME** |
| | 3. **FAILURE TO PAY PREMIUMS FOR NONCOMPLIANT MEAL AND BREAK PERIODS AT CORRECT RATE** |
| | 4. **FAILURE TO PAY OVERTIME** |
| | 5. **FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS** |
| | 6. **FAILURE TO PAY ALL WAGES DUE UPON CESSATION OF EMPLOYMENT** |
| | 7. **VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200** |
| | 8. **PRIVATE ATTORNEYS GENERAL ACT** |
| | **JURY TRIAL DEMANDED** |

Plaintiff Elizabeth Wise brings this class and collective action against ULTA Salon, Cosmetics & Fragrance, Inc., and Does 1 through 100, for violations of the California Labor Code and the California Business and Professions Code.

<b><u>PARTIES</u></b>

1.      Elizabeth Wise ("Ms. Wise" or "Plaintiff") is and at all times relevant herein was employed in Stanislaus County, California, and was an "employee" as defined by the California Labor Code and the applicable California Industrial Wage Commission ("IWC") Order(s).

2.      ULTA Salon, Cosmetics & Fragrance, Inc. ("ULTA") is a Delaware corporation with its principal place of business in Illinois and, at all times relevant herein, was an "employer" as defined by the California Labor Code and the applicable IWC Order(s).

3.      ULTA and Does 1-100 are collectively referred to as Defendants.

4.      Plaintiff is not aware of the true names and capacities of the Defendants sued herein as Does 1 through 100, whether individual, corporate, associate, or otherwise and therefore sues such Defendants by these fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.   Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries and damages herein alleged were legally caused by such Defendants.  Unless otherwise indicated, each Defendant was acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-Defendant.

5.      Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein, each of the Defendants, including each Doe Defendant, was acting as the agent, servant, employee, partner and/or joint venturer of and was acting in concert with each of the remaining Defendants, including each Doe Defendant, in doing the things herein alleged, while at all times acting within the course and scope of such agency, service, employment partnership, joint venture and/or concert of action.  Each Defendant, in doing the acts alleged herein, was acting both

individually and within the course and scope of such agency and/or employment, with the

knowledge and/or consent of the remaining Defendants.

### JURISDICTION AND VENUE

6.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332.  Venue is proper in this

court pursuant to 28 U.S.C. § 1391(b) because the unlawful acts alleged herein took place in

Stanislaus County, California and Plaintiff's place of employment with Defendants was within this

District.  Plaintiff hereby demands a jury trial.

### GENERAL ALLEGATIONS

7.      ULTA is described on its website as "the largest beauty retailer in the United States

and the premier beauty destination for cosmetics, fragrance, skin, hair care products and salon

services."  Besides selling beauty products, each ULTA store offers a full-service salon featuring

"hair, skin, and brow services."

8.      Ms. Wise was hired by ULTA on or around September 11, 2015 to work as a

Designer 2 (or hair stylist) in the ULTA store in Modesto, California.

9.      In addition to providing hairstyling services to customers, Ms. Wise's essential

functions, as stated in her job description, included:

      a.      Utilize product prescriptions sheets to prescribe professional salon products

         to all salon guests;

      b.      Attend all ULTA mandatory education events and workshops;

      c.      Assist in store duties (e.g., filling Salon retail displays and shelves); and

      d.      Adhere to ULTA Salon standards for guest service and cleanliness.

10.     Ms. Wise's essential job duties also included and entailed going on supply runs and

doing laundry.

11.     When Ms. Wise was not providing actual hairstyling services while on duty, she

was required to actively work (and did actively work) by, *inter alia,* stocking the shelves, doing

laundry, helping clean the salon, going on supply runs, etc.  Ms. Wise did this work during nearly every work shift.

12.     At all times throughout her employment with ULTA, Ms. Wise was paid her wages therewith in accordance with, among other policies, practices, and procedures, the ULTA Path to Abundance Salon Commission Plan (the "Plan").

13.     The Plan controls the wages for all non-exempt, exempt full-time, and part-time ULTA Salon Professionals (i.e., Salon Managers, Designers, and Estheticians).  Pursuant to the Plan, Salon Professionals are paid in commissions based upon the hairstyling services they provide to customers.  However, they are also assigned an hourly wage (most recently $10.50/hour for Ms. Wise), and must clock in and out of their shifts to record their actual time worked.

14.     Salon Professionals are paid the greater of, in any given week, (1) their earned commissions or (2) their hourly rate multiplied by their hours worked.  (i.e., if the Salon Professional's earned commissions in a week exceeds his or her hourly wages earned, then they are not paid for those hours worked.)

15.     A Salon Professional's commissions are often greater than his or her earned hourly wages, which results in employees not being compensated at all for time spent working on other "nonproductive" tasks (i.e., those not directly compensable by commissions) such as stocking the shelves, doing laundry, helping clean the salon, going on supply runs, etc.

16.     Under the Plan, there was and is no separate hourly pay for time spent by Salon Professionals on rest and recovery periods.

17.     Under the Plan, there was and is no separate hourly pay for non-specified salon services (e.g., pre- and post-service cleaning and prepping, cleaning the salon, stocking product, and waiting time) performed by Salon Professionals.

18.     Consequently, Ms. Wise and ULTA's other Salon Professionals were not paid separately and hourly for rest and recovery periods and other "nonproductive time".

///

First Amended Class Action Complaint
Page 4 of 24

19.     Further, Ms. Wise and ULTA's other Salon Professions were entitled to, but did not receive, premium pay because they were not and are not paid separately and hourly for rest and recovery periods.

20.     Moreover, and to the extent ULTA paid Ms. Wise and its other Salon Professionals premium pay for missed and/or unpaid rest, recovery, and meal periods, it did so only at their base hourly pay rate, not their "regular rate of compensation", accounting for the value of commissions. See copies of Ms. Wise's wage statement attached as **Exhibit 1**.[1]

21.     Additionally, ULTA failed to properly calculate and pay the overtime wages owed to Ms. Wise and its other Salon Professionals.

22.     Specifically, ULTA failed to include commissions, non-discretionary bonuses and other items of compensation when determining its Salon Professionals' "regular rate of pay" for purposes of overtime.

23.     Instead, ULTA utilized only its Salon Professionals' base rate and multiplied that by 1.5 or 2.0, as appropriate, in order to obtain their overtime rate.  See Exhibit 1, *supra.*

24.     Consequently, Ms. Wise and all of ULTA's Salon Professionals who received commissions, non-discretionary bonuses and/or other items of compensation and worked overtime were not adequately paid for all of the overtime they worked.

25.     Because of the violations set forth above, and as evidenced in the samples of Ms. Wise' wage statements attached hereto as **Exhibit 1,** the wage statements furnished by ULTA violated California Labor Code section 226(a) insofar as they failed to accurately show:

    a.   The gross wages earned, in violation of section 226(a)(1);
    b.   The total number of hours worked by the employee, in violation of section 226(a)(2);
    c.   The net wages earned, in violation of section 226(a)(5); and
    d.   All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of section 226(a)(9).

---

[1] Exhibit 1 is incorporated by this reference as though fully set forth herein.  Some Exhibits have been reduced and/or redacted due to their size and content.

26.     ULTA was, at all times relevant herein, aware of the requirements of California Labor Code section 226.

27.     ULTA has, at all times relevant herein, furnished wage statements to each of its other California Salon Professionals pursuant to an established set of policies, procedures and practices.

28.     Ms. Wise and ULTA's other Salon Professionals, both current and former, have suffered injury as a result of ULTA's knowing and intentional failure to comply with California Labor Code section 226(a).

29.     Ms. Wise and ULTA's other Salon Professionals, both current and former, were unable to promptly and easily determine their gross wages earned from the wage statements furnished by ULTA.

30.     Ms. Wise and ULTA's other Salon Professionals, both current and former, have suffered injury as a result of ULTA's knowing and intentional failure to furnish wage statements accurately showing the gross wages earned by them in violation of California Labor Code section 226(a)(1).

31.     Ms. Wise and ULTA's other Salon Professionals, both current and former, were unable to promptly and easily determine the total number of hours they worked from the wage statements furnished by ULTA.

32.     Ms. Wise and ULTA's other Salon Professionals, both current and former, have suffered injury as a result of ULTA's knowing and intentional failure to furnish wage statements accurately showing the total number of hours worked by the employee in violation of California Labor Code section 226(a)(2).

33.     Ms. Wise and ULTA's other Salon Professionals, both current and former, were unable to promptly and easily determine their net wages earned from the wage statements furnished by ULTA.

///

First Amended Class Action Complaint
Page 6 of 24

34.     Ms. Wise and ULTA's other Salon Professionals, both current and former, have suffered injury as a result of ULTA's knowing and intentional failure to furnish wage statements accurately showing the net wages earned by the employee in violation of California Labor Code section 226(a)(5).

35.     Ms. Wise and ULTA's other Salon Professionals, both current and former, were unable to promptly and easily determine all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate from the wage statements furnished by ULTA.

36.     Ms. Wise and ULTA's other Salon Professionals, both current and former, have suffered injury as a result of ULTA's knowing and intentional failure to furnish wage statements accurately showing applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee in violation of California Labor Code section 226(a)(9).

37.     Ms. Wise's employment with ULTA ended on or around July 17, 2017.  However, to date she has not been paid all wages due and owing, including but not limited to compensation for nonproductive time, compensation for all rest and recovery periods, premium pay for missed meal and rest periods (at the correct "regular rate of pay"), and all overtime wages at the correct regular rate of pay, *supra.*

38.     From at least four years prior to the filing of this action, ULTA has adopted and employed unfair business practices.  These unfair business practices include, but are not limited to, failing to pay its California Salon Professionals separately and hourly for rest periods and other non-productive time, failing to pay premium pay when due and at the "regular rate of compensation", and failing to properly calculate the "regular rate of pay" for its Salon Professionals, and to pay overtime accordingly.

39.     On August 25, 2017, Ms. Wise provided written notice to the Labor and Workforce Development Agency ("LWDA") and Defendants regarding the specific provisions of the Labor

Code alleged to have been violated, including the facts and theories to support those alleged

violations.

40.     As of this amendment, more than 65 calendar days after Ms. Wise's written notice,

the LWDA has not provided written notice that it intends to investigate her allegations.

Accordingly, Ms. Wise has satisfied the administrative prerequisites under Labor Code section

2699.3 to bring a civil action to recover penalties against Defendants, in addition to other remedies,

for violations of the California Labor Code

## CLASS ACTION ALLEGATIONS

41.     Plaintiff seeks to maintain this action as a class action as to the First through Eighth

Causes of Action.  Plaintiff brings this action, on behalf of herself and all others similarly situated,

as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The putative class

which Plaintiff seeks to represent consists of the following:

    a.    All current and former California ULTA Salon Professionals who received commissions, non-discretionary bonuses, and/or other items of compensation from June 23, 2013 through the date of final judgment (the "Salon Professional Class");

    b.    All current and former California ULTA Salon Professionals who received commissions, non-discretionary bonuses, and/or other items of compensation and worked overtime from June 23, 2013 through the date of final judgment (the "Regular Rate Class");

    c.    All current and former California ULTA Salon Professionals who received commissions, non-discretionary bonuses, and/or other items of compensation, and who received premium pay on at least one occasion as a result of having noncompliant rest, recovery, and/or meal periods from June 23, 2013 through the date of final judgment (the "Rest and Meal Period Class");

First Amended Class Action Complaint
Page 8 of 24

d.      All current and former California ULTA Salon Professionals who received commissions, non-discretionary bonuses and/or other items of compensation and worked overtime and were issued a wage statement therefor from June 23, 2016 through the date of final judgment (the "Wage Statement Class"); and

e.      All former California ULTA Salon Professionals who received commissions, non-discretionary bonuses, and/or other items of compensation, and whose employment with ULTA ended, at any time from June 23, 2014 through the date of final judgment (the "Waiting Time Penalty Class").

The Salon Professional Class, Regular Rate Class, the Rest and Meal Period Class, the Wage Statement Class, and the Waiting Time Penalty Class are collectively referred to as the Class.

42.     The class of persons is so numerous that joinder of all members is impracticable, and the disposition of their claims in a class action is a benefit to the parties and to the Court. Plaintiff is informed and believes, and based thereon alleges, that Defendants employ more than 1,000 employees who satisfy the class definition.  Although the exact number and identity of class members is not presently known, they can be identified in Defendants' records through coordinated discovery pursuant to this class action.

43.     This action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure because the questions of law and fact which are common to class members clearly predominate over any questions affecting only individual members and because a class action is superior to other available methods for adjudicating the controversy.

44.     There are numerous common questions of law and fact arising out of Defendants' conduct.  This class action focuses on Defendants': (a) uniform failure to compensate its Salon Professionals separately for rest and recovery periods and other nonproductive time; (b) uniform miscalculation of the "regular rate of pay" of its Salon Professionals for purposes of overtime pay,

as well as the underpayments that flow therefrom; (c) uniform miscalculation of the "regular rate of compensation" for purposes of "premium pay" for denied or otherwise noncompliant rest, recovery and meal periods; and (d) systemic violations of Labor Code section 226(a).

45.     Furthermore, common questions of fact and law predominate over any questions affecting only individual members of the class.  The predominating common or class-wide questions of law and fact include the following:

    a.    Whether Defendants paid their California Salon Professionals separately and hourly for rest and recovery periods and other nonproductive time;

    b.    Whether Defendants paid their California Salon Professionals premium pay for unpaid rest and recovery periods;

    c.    Whether any premium pay provided by Defendants to their California Salon Professionals for unpaid rest and recovery periods, or otherwise noncompliant meal periods, was paid at the base hourly rate or the "regular rate of compensation";

    d.    Whether Defendants failed to include commissions, non-discretionary bonuses and other items of compensation when determining their Salon Professionals' "regular rate of compensation" for purposes of meal and rest break premiums;

    e.    Whether Defendants miscalculated the "regular rate of pay" of their Salon Professionals for purposes of overtime pay;

    f.    Whether Defendants failed to pay all overtime wages due to their Salon Professionals because of the miscalculation of their "regular rate of pay";

    g.    Whether Defendants failed to include commissions, non-discretionary bonuses and other items of compensation when determining their Salon Professionals' "regular rate of pay" for purposes of overtime;

h.   Whether the wage statements Defendants furnished to their California Salon Professionals comply with Labor Code section 226, subdivisions (a)(1), (2), (3), (5), and (9);

i.   Whether Defendants properly paid their California Salon Professionals all wages due and owing upon separation of employment, in accordance with Labor Code section 203;

j.   Whether the alleged violations constitute unfair business practices;

k.   Whether the Class is entitled to injunctive relief; and

l.   Whether the Class is entitled to unpaid wages, statutory penalties, civil penalties, and/or restitutionary relief, and the amount of the same.

46.   Plaintiff's claims are typical of the claims of the members of the Class as a whole, all of whom have sustained and/or will sustain damage and injury as a proximate and/or legal result of the alleged violations of Defendants.  Plaintiff's claims are typical of those of the Class because Defendants subjected Plaintiff and each member of the Class to the same violations alleged herein.

47.   The defenses of Defendants, to the extent that such defenses apply, are applicable generally to the whole Class and are not distinguishable as to the proposed class members.

48.   Plaintiff will fairly and adequately protect the interests of all members of the Class, and has retained attorneys with extensive experience in litigation, including class and representative actions.  Plaintiff has no interests that conflict with those of the Class.  Plaintiff is able to fairly and adequately protect the interests of all members of the class because it is in her best interest to prosecute the claims alleged herein in order to obtain the full compensation due herself and the other class members.

49.   A class action is superior to any other method available for fairly and efficiently adjudicating the controversy because 1) joinder of individual class members is not practicable, 2) litigating the claims of individual class members would be unnecessarily costly and burdensome and would deter individual claims, 3) litigating the claims of individual class members would

First Amended Class Action Complaint
Page 11 of 24

create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants, 4) class members still working for Defendants may be fearful of retaliation if they were to bring individual claims, 5) class members would be discouraged from pursuing individual claims because the damages available to them are relatively small, and 6) public policy encourages the use of the class actions to enforce employment laws and protect individuals who, by virtue of their subordinate position, are particularly vulnerable.

50.     Judicial economy will be served by maintenance of this lawsuit as a class action. To process numerous virtually identical individual cases will significantly increase the expense on the Court, the class members, and Defendants, all while unnecessarily delaying the resolution of this matter. There are no obstacles to effective and efficient management of this lawsuit as a class action by this Court and doing so will provide multiple benefits to the litigating parties including, but not limited to, efficiency, economy, and uniform adjudication with consistent results.

51.     Notice of a certified class action and any result or resolution of the litigation can be provided to class members by mail, email, publication, or such other methods of notice as deemed appropriate by the Court.

**FIRST CAUSE OF ACTION**
**Failure to Provide Paid Rest Periods**
**[IWC Wage Order No. 2, Section 12; Cal. Lab. Code § 226.7]**
**By Plaintiff and the Salon Professional Class Against Defendants**

52.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

53.     Labor Code section 226.7 requires employers to provide employees meal periods as mandated by Order of the Industrial Welfare Commission. It states:

a.     No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

First Amended Class Action Complaint
Page 12 of 24

b.   If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee 1 additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided

54.   Section 12 of IWC Wage Order No. 2 provides that:

"(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period     time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

55.   Courts have consistently interpreted Section 12 of the applicable IWC Wage Orders to mean that employees paid on a piece-rate or commission basis must receive separate and hourly pay for their time spent on rest breaks. *See e.g., Armenta v. Osmose, Inc.* (2005) 135 Cal.App.4th 314, *Bluford v. Safeway Stores, Inc.*, 216 Cal. App. 4th 864, *Vaquero v. Stoneledge Furniture, LLC* (2017) 9 Cal.App.5th 98.  Plaintiff and the other members of the Salon Professional Class are thus owed a rest period premium for each workday where Defendants failed to provide paid rest periods (which was a daily occurrence).  *See e.g., Vaquero v. Stoneledge Furniture, LLC,* 9 Cal.App.5th at 117; and *Amaro v. Gerawan*, 2016 WL 4440966, *5 (E.D. Cal. Aug. 23, 2016) (providing an unpaid rest break provided to a worker paid on a piece-rate basis constitutes a failure to provide a compliant rest break triggering premiums under Labor Code section 226.7).

56.   As alleged herein, by failing to provide Plaintiff and the other members of the Salon Professional Class with paid rest periods of 10 minutes for each 4 hours of work during the Class Period, Defendants have violated California Labor Code § 226.7, and are liable to Plaintiff and the other members of the Salon Professional Class for one additional hour of pay at the his or her regular rate of compensation for each work period during each day in which Defendants failed to provide paid rest periods as required by California law.

First Amended Class Action Complaint
Page 13 of 24

57.     Wherefore, Plaintiff and the other members of the Salon Professional Class have been injured as set forth above and request relief as hereafter provided.

**SECOND CAUSE OF ACTION**
**Failure to Pay Separately and Hourly for Rest and Recovery Periods and Other Nonproductive Time**
**[IWC Order No. 2; Cal. Lab. Code §§ 218 *et seq.*, 1182.12, 1194, 1194.2 & 1197]**
**By Plaintiff and the Salon Professional Class Against Defendants**

58.     Plaintiff hereby realleges and incorporates by reference each and every allegation above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

59.     California Labor Code section 218 *et seq.* authorizes wage claimants to sue directly or through an assignee for any wages or penalty due to him or her under the California Labor Code.

60.     Section 1194 of the California Labor Code provides, in relevant part:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage ... applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage ... including interest thereon, reasonable attorney's fees, and costs of suit.

61.     Section 1194.2 of the California Labor Code provides, in relevant part:

> In any action under ... Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

62.     Employees who are paid by commission are nonetheless entitled to separate and direct compensation for rest and recovery periods and other nonproductive time.  See *Vaquero v. Stoneledge Furniture, LLC* (2017) 9 Cal.App.5th 98; *Studley v. Alliance Healthcare Services, Inc.* (C.D. Cal. 2012) 201 WL 12286522, * 1; *Bluford v. Safeway, Inc.* (2013) 216 Cal.App.4th 864; *Armenta v. Osmose, Inc.* (2005) 135 Cal.App.4th 314; Cal. Code Regs., tit. 8, § 11020, subds. 4(A), 12(A).

///

63.     California Labor Code section 1182.12 provides that the minimum wage for all industries shall not be less than $9.00 per hour after July 1, 2014; $10.00 per hour after January 1, 2016, and $10.50 per hour after January 1, 2017.

64.     California Labor Code section 1197 provides that the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a lesser wage is unlawful.

65.     In failing to pay Plaintiff and the other members of the Salon Professional Class separately and hourly for time spent on mandatory rest periods and other nonproductive work, Defendants operated in bad faith given the issuance of *Armenta v. Osmose, Inc.* (2005) 135 Cal.App.4th 314, *Bluford v. Safeway Stores, Inc.*, 216 Cal. App. 4th 864, *Vaquero v. Stoneledge Furniture, LLC* (2017) 9 Cal.App.5th 98, *Studley v. Alliance Healthcare Services, Inc.* (C.D. Cal. 2012) 201 WL 12286522, * 1, and the cases cited therein.  Following the issuance of *Armenta, supra, Bluford*, *supra,* and even after the issuance of *Vaquero* and *Studley, supra,* Defendants purposefully failed to pay the back wages due to Plaintiff and the other members of the Salon Professional Class.  This knowing awareness of a legal obligation, coupled with the intentional decision not to pay the back wages due, constitutes a willful violation of the California Labor Code, applicable IWC Wage Order, and relevant case law.

66.     Accordingly, Plaintiff and the Salon Professional Class are entitled to recover, at a minimum, their unpaid hourly wages for their rest and recovery periods and other nonproductive time, plus liquidated damages in an additional amount equal to the total amount minimum wages unlawfully withheld during the Class Period.

67.     Wherefore, Plaintiff and the other members of the California Salon Professional Class have been injured as set forth above and request relief as hereafter provided.

///

///

First Amended Class Action Complaint
Page 15 of 24

**THIRD CAUSE OF ACTION**
**Failure to Pay Premiums for Noncompliant Meal and Rest Periods at Correct Rate**
**[IWC Wage Order No. 2, Sections 11 and 12; Cal. Lab. Code §§ 226.7 and 512]**
**By Plaintiff and the Rest and Meal Period Class Against Defendants**

68.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

69.     Per the California Labor Code and applicable Wage Order(s) of the Industrial Welfare Commission ("IWC"), if an employer fails to provide a meal or rest or recovery period in accordance with an order of the IWC, the employer shall pay the employee one additional hour of "premium" pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.  Labor Code § 226.7, Cal. Code Regs., tit. 8, § 11020, subds. 11(D), 12(B).

70.     "Regular rate of compensation", for purposes of premium pay for missed or otherwise noncompliant meal and rest periods, includes not only the employee's regular hourly rate, but also all other items of remuneration, including commissions.  See *Studley v. Alliance Healthcare Services, Inc.* (C.D. Cal. 2012) 201 WL 12286522, * 1 (holding that "regular rate of pay" [for overtime calculation purposes] and "regular rate of compensation" [for premium pay calculation purposes] are interchangeable).

71.     As set forth above, Plaintiff and the other members of the Salon Professional Class were not paid separately and hourly for their rest periods, to which they were entitled per applicable Wage Order(s) of the Industrial Welfare Commission. See Cal. Code Regs., tit. 8, § 11020, subd. 12(A).  Accordingly, Plaintiff and the other members of the Salon Professional Class were not provided with rest periods in accordance with state law, triggering "premium pay" under Labor Code section 226.7.  See *Amaro v. Gerawan*, *supra,* 2016 WL at *5.

First Amended Class Action Complaint
Page 16 of 24

72.     Further, and as set forth above, even when Plaintiff and the other members of the Rest and Meal Period Class were compensated for noncompliant rest, recovery, and meal periods, they were compensated only with an hour's pay at their regular hourly rate, *not* at their "regular rate of compensation", accounting for commissions, non-discretionary bonuses, and/or other items of compensation.

73.     Wherefore, Plaintiff and the other members of the Rest and Meal Period Class have been injured as set forth above and request relief as hereafter provided.

### FOURTH CAUSE OF ACTION
**Failure to Pay Overtime**
**[Cal. Lab. Code §§ 510 and 1198]**
**By Plaintiff and the Regular Rate Class Against Defendants**

74.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

75.     Pursuant to California Labor Code section 510, any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

76.     Pursuant to California Labor Code section 1198, the maximum hours of work and standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees and the employment of any employee for longer hours than those fixed by the commission or under conditions of labor prohibited by the order is unlawful.

First Amended Class Action Complaint
Page 17 of 24

77.     The "regular rate of pay" includes all remuneration for employment paid to the employee and includes, but is not limited to, hourly earnings, salary, piece work earnings, commissions, non-discretionary bonuses, and the value of meals and lodging.  See DLSE Enforcement Policies and Interpretations Manual Section 49.

78.     During the relevant time period, Plaintiff and the other members of the Regular Rate Class regularly worked overtime.

79.     During the relevant time period, Defendants failed to include commission, non-discretionary bonuses and other items of compensation when determining the "regular rate of pay" for Plaintiff and the other members of the Regular Rate Class.

80.     During the relevant time period, Defendants failed to properly calculate the "regular rate of pay" for Plaintiff and the other members of the Regular Rate Class.

81.     During the relevant time period, Defendants intentionally and willfully failed to pay the proper overtime wages due to Plaintiff and the other members of the Regular Rate Class.

82.     Wherefore, Plaintiff and the other members of the Regular Rate Class have been injured as set forth above and request relief as hereafter provided.

**FIFTH CAUSE OF ACTION**
**Failure to Furnish Accurate Itemized Wage Statements**
**[Cal. Lab. Code § 226]**
**By Plaintiff and the Wage Statement Class Against Defendants**

83.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

84.     Pursuant to California Labor Code section 226(a) "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when the wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee [. . .], (3) the number of

piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number, (8) the name and address of the legal entity that is the employer [. . .], (9) all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate by the employee and, if the employer is a temporary services employer [. . .], the rate of pay and the total hours worked for each temporary services assignment."

85.    An employee suffering injury as a result of the knowing and intentional failure by an employer to comply with Labor Code section 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed the aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.  Labor Code § 226(e)(1).

86.    An employee is deemed to suffer injury if the employer fails to provide a wage statement or if the employer fails to provide accurate and complete information as required by any one or more of the items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone, i) the amount of gross/net wages paid to the employee during the pay period or any of the other information required to be provided pursuant to Labor Code section 226(a) items (2) to (4), inclusive, (6) and (9), ii) deductions made by the employer, iii) the name and address of the employer and iv) the name of the employee and the last four digits of his or her social security number or employee identification number.  Labor Code § 226(e)(2)(A) and (B)(i)-(iv).  "Promptly and easily determine" means a reasonable person would be able to readily ascertain the information without reference to other documents or information. Labor Code § 226(e)(2)(C).

87.     As set forth above, Defendants intentionally and willfully failed to furnish accurate itemized wage statements which complied with Labor Code section 226.

88.     Wherefore, Plaintiff and the other members of the Wage Statement Class have been injured as set forth above and request relief as hereafter provided.

**SIXTH CAUSE OF ACTION**
**Failure to Pay All Wages Due Upon Cessation of Employment**
**[Cal. Lab. Code § 201,** *et seq.***]**
**By Plaintiff and the Waiting Time Penalty Class**

89.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

90.     Labor Code section 201 requires an employer to pay an employee all wages earned and unpaid at the employer discharges the employee.

91.     Labor Code section 202 requires an employer to pay the employee all wages due no later than 72 hours after the employee quits his or her employment.

92.     Labor Code section 203 provides: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

93.     During the relevant time period, Defendants failed to pay Plaintiff and the other members of the Waiting Time Penalty Class all earned but unpaid wages at discharge.

94.     Wherefore, Plaintiff and the other members of the Waiting Time Penalty Class have been injured as set forth above and request relief as hereafter provided.

///

///

///

///

First Amended Class Action Complaint
Page 20 of 24

**SEVENTH CAUSE OF ACTION**
**Unfair Business Practices**
**[Cal. Bus. & Prof. Code § 17200 *et seq.*]**
**By Plaintiff and the Class Against Defendants**

95.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

96.     The statutory violations, as alleged above, are unfair business practices within the meaning of the Unfair Competition Law (Business and Professions Code sections 17200 *et. seq*), and include, but are not limited to failing to pay its California Salon Professionals separately and hourly for rest periods and other non-productive time, failing to pay premium pay when due and at the "regular rate of compensation", accounting for commissions, non-discretionary bonuses, and other items of compensation, and failing to properly calculate the "regular rate of pay" for its hourly, non-exempt employees (again, accounting for commissions, non-discretionary bonuses, and other items of compensation), and to pay overtime accordingly.

97.     Wherefore, Plaintiff and the other members of the Class have been damaged as set forth above and request relief as hereafter provided.

**EIGHTH CAUSE OF ACTION**
**Private Attorneys General Act**
**[Cal. Lab. Code § 2698, *et seq.*]**
**By Plaintiff and the Class Against Defendants**

98.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

99.     Pursuant to Labor Code § 2699(a), any provision of the Labor Code which provides for a civil penalty to be assessed and collected by the LWDA for violations of the Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf

1  of himself or herself and other current or former employees pursuant to the procedures outlined in

2  Labor Code § 2699.3.

3      100.   Plaintiff was employed by Defendants and the alleged violations were committed

4  against him during his time of employment.  Plaintiff is therefore an aggrieved employee as

5  defined by Labor Code § 2699(c).  Other current and former employees are also aggrieved

6  employees in that one or more of the alleged violations were also committed against them during

7  their time of employment with Defendants.

8      101.   Pursuant to Labor Code § 2699(f), the civil penalty recoverable in a PAGA action is

9  that which is provided for by the Labor Code or, where no civil penalty is specifically provided,

10  one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and

11  two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent

12  violation.

13      102.   Pursuant to California Labor Code § 2699(g), an aggrieved employee may recover

14  the civil penalty on behalf of himself or herself and other current or former employees against

15  whom one or more of the alleged violations was committed.  Furthermore, any employee who

16  prevails in any such action shall be entitled to an award of reasonable attorney's fees and costs.

17      103.   Wherefore, Plaintiff and the other members of the Class have been damaged as set

18  forth above and request relief as hereafter provided .

19                          **PRAYER FOR RELIEF**

20  WHEREFORE, Plaintiff prays judgment against Defendants as follows:

21  **As to the First through Seventh Causes of Action:**

22      1.   That this Court certify the Class identified in Paragraph 41;

23      2.   That this Court certify Plaintiff as the representative of the Class identified in

24           Paragraph 41;

25      3.   That this Court award actual, compensatory, special, and general damages as well as

26           restitutionary relief to Plaintiff and the members of the Class;

27

28

4.     That this Court award injunctive relief, including that available under Labor Code section 226(h) and Business and Professions Code Section 17203;

5.     That this Court award penalties and liquidated damages including, but not limited to, those available under Labor Code sections 203, 226, and 1194.2;

6.     That this Court award statutory attorneys' fees and costs, including those available under Labor Code sections 218.5, 226(e)(1), 226(h) and 1194, as well as Code of Civil Procedure section 1021.5;

7.     That this Court award prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law; and

8.     That this Court award such other and further relief as the court deems just and proper.

**As to the Eighth Cause of Action:**

1.     For civil penalties, including but not limited to those available under Labor Code sections 558 and 2699(f);

2.     For injunctive relief to ensure compliance pursuant to Labor Code section 226(h);

3.     For statutory attorneys' fees and costs, including but not limited to those available under Labor Code section 2699(g);

4.     For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law, including those available under Civil Code sections 3287(a) and 3289(b), and Labor Code section 218.6; and

5.     For such other and further relief as the court deems just and proper.

///
///
///
///
///

1    **DATED:**  November 20, 2017                    **MAYALL HURLEY P.C.**

2

3                                        By_____ */s/ Robert J. Wasserman*_____
                                              ROBERT J. WASSERMAN
4                                             WILLIAM J. GORHAM, III
                                              NICHOLAS J. SCARDIGLI
5                                             JOHN P. BRISCOE
                                              Attorneys for Plaintiff and the Putative Class
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

LPT  454501  000296  02208  0000070792
179471

Page   1(Con't  Next  Page)      029-0040



## Earnings   Statement

*ULTA SALON, COSMETICS &*
*FRAGRANCE INC. 630-410-5200*
*1000 REMINGTON BLVD STE 120*
*BOLINGBROOK, IL 60440*

| | |
|---|---|
| Period  Beginning: | 01/29/2017 |
| Period  Ending: | 02/11/2017 |
| Pay  Date: | 02/17/2017 |

00000000754

Taxable  Marital  Status:   Single
Exemptions/Allowances:
  Federal:      0
  CA:            0

**ELIZABETH   A  WISE**

Social  Security  Number:   XXX-XX-████

| **Earnings** | rate | hours | this  period | year  to  date |
|---|---|---|---|---|
| Regular | 10.5000 | 9.17 | 96.29 | 152.26 |
| Overtime | 15.7500 | 2.50 | 16.86 | 16.86 |
| Commission | 10.5000 | 6.17 | 134.59 | 681.25 |
| Penalty  Time | 10.5000 | 1.00 | 10.50 | 10.50 |
| Prosale  Extra | | | 6.26 | 31.69 |
| Tips | | | 76.00 | 170.40 |
| Training  Averag | 10.5000 | 8.00 | 84.00 | 84.00 |
| **Gross Pay** | | | **$424.50** | 1,146.96 |

| **Other  Benefits  and Information** | this  period | total  to  date |
|---|---|---|
| City/State | 24.58 | |
| Non-Cash  Tips | 76.00 | 170.40 |
| Salon  Sales  Wk1 | 202.70 | 686.00 |
| Salon  Sales  Wk2 | 313.00 | 1,224.00 |
| Serv  Comm  %  Wk1 | 43.00 | |
| Serv  Comm  %  Wk2 | 43.00 | |

| **Deductions** | **Statutory** | | |
|---|---|---|---|
| | Federal  Income  Tax | -34.55 | 93.36 |
| | Social  Security  Tax | -26.32 | 71.11 |
| | Medicare  Tax | -6.15 | 16.63 |
| | CA  State  Income  Tax | -0.41 | 2.09 |
| | CA  SUI/SDI  Tax | -3.82 | 10.32 |
| | **Other** | | |
| | Tips | -76.00 | 170.40 |
| | **Net Pay** | **$277.25** | |
| | Checking  1 | -277.25 | |
| | **Net Check** | **$0.00** | |

Your  federal  taxable  wages  this  period  are  $424.50

---

### ULTA EMPLOYEE DISCOUNT CARD

*Employee  Name:*                *Elizabeth  Wise*
*ID Number:*                   *#6303*

**I  authorize  that  _____  is  my**
**spouse  or  domestic  partner  and/or  eligible**
**dependent  and  is  entitled  to  my  discount.**

_____
Employee  Signature

*Check  Date:*          02/17/2017

Present  this  card  along  with  your  photo  ID.
Void  after  30  days  from  the  check  date.

© 2000  ADP, LLC

---

ULTA  SALON ,  COSMETICS  &
FRAGRANCE  INC . 630-410-5200
1000  REMINGTON  BLVD  STE  120
BOLINGBROOK ,  IL   60440

| | |
|---|---|
| **Advice  number:** | **00000070792** |
| Pay  date: | 02/17/2017 |

**THIS IS NOT A CHECK**

| Deposited  to  the  account  of | account  number | transit  ABA | amount |
|---|---|---|---|
| **ELIZABETH   A  WISE** | xxxxxxxx3001 | xxxx  xxxx | $277.25 |

## NON-NEGOTIABLE

LPT   454150′   000206   02205   0000070792
                    179471

Page   2                              029-0040

*ULTA SALON, COSMETICS &*
*FRAGRANCE INC. 630-410-5200*
*1000 REMINGTON BLVD STE 120*
*BOLINGBROOK, IL 60440*

# Earnings   Statement

**ADP**®

Period   Beginning:     01/29/2017
Period   Ending:        02/11/2017
Pay   Date:             02/17/2017

00000000755
**ELIZABETH   A   WISE**

Taxable   Marital   Status:     Single
Exemptions/Allowances:
    Federal:               0
    CA:                    0

Social   Security   Number:   XXX-XX-███

## Important Notes

YOUR  COMPANY  PHONE  NUMBER  IS :- 630-410-5200

© 2000  A.DP.  LLC



**CONTINUED   FROM   PRIOR   PAGE**

**YOUR   VOUCHER   IS   PROVIDED   ON   PAGE   1**

**NON-NEGOTIABLE**