1  **MAYALL HURLEY P.C.**
   **ROBERT J. WASSERMAN (SBN: 258538)**
2  rwasserman@mayallaw.com
   **WILLIAM J. GORHAM (SBN: 151773)**
3  wgorham@mayallaw.com
   **2453 Grand Canal Boulevard**
4  **Stockton, California 95207-8253**
   **Telephone: 209.477.3833**
5  **Facsimile: 209.473.4818**
6
7  **LAW OFFICES OF CHOI & ASSOCIATES**   **Polaris Law Group LLP**
   **Edward W. Choi, Esq. SBN 211334**   **WILLIAM L. MARDER (SBN: 170131)**
8  edward.choi@calaw.biz                 bill@polarislawgroup.com
   **515 S. Figueroa St., Suite 1250**   **501 San Benito Street, Suite 200**
9  **Los Angeles, CA 90071**            **Hollister, CA 95023**
   **Telephone: 213.381.1515**          **Tel: 831.8531.4214**
10 **Facsimile: 213.465.4885**          **Fax: 831.634.0333**
11
   **Dennis S. Hyun (SBN: 224240)**
12 dhyun@hyunlegal.com
   **HYUN LEGAL, APC**
13 **515 S. Figueroa Street, Suite 1250**
   **Los Angeles, California 90071**
14 **Telephone: 213.488.6555**
   **Facsimile: 2123.488.6554**
15
16 **Attorneys for Plaintiffs Elizabeth Wise, Julie Zepeda and the Putative Class**
17 **(Defense Counsel on next page)**
18                    UNITED STATES DISTRICT COURT
19                   EASTERN DISTRICT OF CALIFORNIA
20

| | |
|---|---|
| 21 **ELIZABETH WISE, an individual,** | **Case No.: 1:17-cv-00853-DAD (Lead Case)** |
| 22      **Plaintiff,** | **Case No.: 1-18-cv-00750-DAD (Member Case)** |
| 23 **vs.** | **Zepeda v. ULTA Salon, Cosmetics & Fragrance, Inc.** |
| 24 **ULTA SALON, COSMETICS & FRAGRANCE, INC.** | **CLASS ACTION SETTLEMENT** |
| 25 | **AGREEMENT AND RELEASE OF CLAIMS** |
| 26      **Defendants.** | |

27
28

**KAI-CHING CHA (SBN:  218738)**
kcha@littler.com
**JULIE A. STOCKTON (SBN:  286944)**
jstockton@littler.com
**LITTLER MENDELSON, P.C.**
**333 Bush Street, 34th Floor**
**San Francisco, CA 94104**
**Telephone:  415.433.1940**
**Facsimile:  415.399.8490**

**Attorneys for Defendant, ULTA Salon, Cosmetics & Fragrance, Inc.**

This Class Action Settlement Agreement and Release of Claims ("Settlement Agreement" or "Settlement"), is entered into between Plaintiffs Elizabeth Wise and Julie Zepeda (collectively "Plaintiffs"), on behalf of themselves and on behalf of the Class Members, and Defendant ULTA Salon, Cosmetics & Fragrance, Inc. ("Defendant").

## I.  RECITALS.

1.  Plaintiff filed this class action on June 23, 2017, in the United States District Court, Eastern District of California, *Wise v. ULTA Salon, Cosmetics & Fragrance, Inc.*, Case No. 2:17-cv-00853-DAD-EPG ("*Wise*").  Plaintiff Wise asserted causes of action for (1) Failure to Provide Paid Rest Periods; (2) Failure to Pay Separately and Hourly for Rest and Recovery Periods and Other Nonproductive Time; (3) Failure to Pay Premiums for Noncompliant Meal and Break Periods at Correct Rate; (4) Failure to Pay Overtime; (5) Failure to Furnish Accurate Itemized Wage Statements; and (6) Violation of Business and Professions Code Section 17200.  On November 20, 2017, Plaintiff filed a First Amended Complaint adding causes of action for (1) Failure to Pay All Wages Due Upon Cessation of Employment; and (2) civil penalties under the California Private Attorneys General Act ("PAGA").

2.  Plaintiff Zepeda filed a separate class action on November 13, 2017, in the Orange County Superior Court, *Zepeda v. ULTA Salon, Cosmetics & Fragrance, Inc*., Case No. 30-2017-000955264-CU-OE-CXC ("*Zepeda*").  Plaintiff Zepeda alleged (1) Failure to Provide Accurate Itemized Wage Statements; (2) Failure to Pay Overtime; (3) Failure to Timely Pay Wages; and (4) Violation of Business and Professions Code Section 17200.  Plaintiff Zepeda's case was removed to the United States District Court, Central District of California Case No. 8:17-cv-02184-DOC-JDE  in February 2018. In June 2018 it was transferred to the Eastern District of California, Case No. 1:18-cv-00750-DAD-BAM.  In August 2018, the Honorable Judge Dale A. Drozd consolidated *Zepeda* with *Wise*. [Dkt. No. 30.]

3.  Between August 2017 and March 2018, the Parties engaged in formal and informal discovery, and data exchange.  Plaintiffs propounded, and ULTA responded to, discovery regarding the size and scope of the class; the policies, practices, and procedures responsible for the alleged violations; and the damages that flow therefrom.

4.  In March 2018, the Parties participated in a mediation with Mark Rudy in San Francisco.  Although the mediation did not end in a settlement, the mediator presented the Parties with a mediator's proposal at its conclusion.  Unfortunately, the Parties were unable to reach a settlement, and the litigation continued.

5.     Between March 2018 and the present, the Parties engaged in further formal and informal discovery. Plaintiffs insisted upon and, after substantial meeting and conferring and the initiation of an Informal Discovery Dispute Conference with the Magistrate, were ultimately provided with further and verified responses to all of the discovery they propounded. In December 2018, Plaintiffs traveled to Chicago to complete a 30(b)(6) deposition on certain critical topics. In January 2019, Plaintiff Wise again traveled to Chicago to depose Michael Savage, ULTA's Vice President of Total Rewards and Talent Acquisition. ULTA also completed a round of written discovery and deposed both Plaintiffs.

6.     Defendant provided Class Counsel with hundreds of documents relating to its policies, practices and procedures, as well as more than 200,000 lines of data (each containing more than 100 separate data points), constituting the payroll records of each and every putative class member. In conjunction with those same negotiations, the Parties spoke at length about the strengths and weaknesses of each sides' claims and defenses, the certifiability of the claims, and the scope of Defendant's liability. Both Class Counsel and Defendant retained experts to examine the data and determine the extent of the Class' potential damages.

7.     For purposes of this Settlement only, Plaintiffs contend and Defendant does not dispute that there is sufficient evidence to support the requisites for certification of the Class for settlement purposes, specifically:

    a.     There are approximately 1,843 Class Members (727 current employees and 1,116 former employees), which is so numerous as to make it impractical to join all Class Members;

    b.     The Class is ascertainable from Defendant's records;

    c.     Common questions of law and fact exist;

    d.     The claims of the Plaintiffs are typical of the claims of the Class Members and the Plaintiffs are adequate representatives and should be appointed as such;

    e.     Mayall Hurley P.C., Polaris Law Group LLP, Law Offices of Choi & Associates, and Hyun Legal, APC are adequate to represent the Class and should be appointed as Class Counsel;

    f.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications, which could establish incompatible standards of conduct; and

    g.     Questions of law and fact common to the members of the Class predominate over questions affecting individual members of the Class and a class action is superior to other available means for the fair and efficient adjudication of the controversy.

8.     By entering into this Settlement, Defendant admits no liability, and explicitly denies liability or wrongdoing of any kind arising from the claims alleged in the Class Action. This Settlement shall not constitute an admission by Defendant as to any interpretation of the law or as to the merits, validity, the accuracy of any of the claims made against it in the Class Action, or that the claims alleged are suitable for class-wide treatment.

## II.    **DEFINITONS.**

9.      "Class" and "Class Members" refers to all current and former non-exempt California ULTA Salon Professionals who earned commissions, non-discretionary bonuses and/or additional hourly compensation under Defendant's Path to Abundance Salon Commission Plan Document, during at least one pay period between December 30, 2016 and August 25, 2018.

10.      "Class Action" refers to all of the claims made by the consolidated class action lawsuits identified in the recitals above, *Wise v. ULTA Salon, Cosmetics & Fragrance, Inc.*, United States District Court, Eastern District of California, Case No. 1:17-cv-00853-DAD-EPG; and *Zepeda v. ULTA Salon, Cosmetics & Fragrance, Inc.*, United States District Court, Eastern District of California, Case No. 1-18-cv-00750-DAD-EPG.

11.      "Class Counsel" refers Mayall Hurley P.C., by and through Lead Counsel Robert J. Wasserman, William J. Gorham, III, Nicholas J. Scardigli, and Vladimir J. Kozina; Polaris Law Group, LLP, by and through William L. Marder; Law Offices of Choi & Associates, by and through Edward W. Choi; and Hyun Legal, APC, by and through Dennis S. Hyun.

12.      "Class List" refers to the list of Class Member information to be provided to the Settlement Administrator by Defendant.

13.      "Class Notice" refers to the Notice of Pendency of Class Action, Preliminary Approval of Settlement, and Hearing for Final Approval, substantially in the form attached here to as Exhibit 1, as it may be modified by agreement of the Parties or upon order of the Court, which will be sent to the Class Members.

14.      "Class Period" means December 30, 2016 through August 25, 2018.

15.      "Class Representatives" refers to Plaintiffs Elizabeth Wise and Julie Zepeda.

16.      "Defendant" refers to ULTA Salon, Cosmetics & Fragrance, Inc.

17.      "Defense Counsel" refers to Kai-Ching Cha, and Julie A. Stockton of Littler Mendelson, P.C.

18.      "Effective Date" as defined below is a condition of performance of the obligations under this Settlement.  The Effective Date is determined as follows.  If no Class Member or any person claiming to have standing submits an objection or otherwise purports to object to the Settlement Agreement, then the Effective Date is the date of the Court's entry of a final approval order and judgment finally approving the Settlement Agreement ("Order of Final Approval").  If any Class Member or any person claiming to have standing submits an objection or otherwise purports to object to the Settlement Agreement, then the Effective Date is the date after (a) the Court's entry of a final approval order and judgment finally approving the Settlement Agreement ("Order of Final Approval"), *and* (b) the first to occur of the following:  (1) the date for seeking appellate review of the Court's Order of Final Approval has passed without a timely appeal or request for review having been made (i.e., 31 days after entry of the trial court's Order of Final Approval and Judgment); or (2) if an appeal, review, or writ is sought from the Order of Final Approval, the day after the Order of Final Approval is affirmed

or the appeal, review or writ is dismissed or denied, and the Order of Final Approval is no longer subject to further judicial review.

19.     "Employee-side Taxes and Withholdings" shall mean the employee's share of any and all applicable federal, state or local payroll taxes on the portion of any Participating Class Member's Settlement Share that constitutes wages. The Employee-side Taxes and Withholdings will be withheld from and paid out of the Net Settlement Amount.

20.     "Employer-side Taxes" shall mean and refer to Defendant's share of corporate federal, state and/or local payroll taxes that is owed on the portion of any Participating Class Member's Settlement Share that constitutes wages. The Employer-side Taxes shall be separately paid by Defendant and shall not be paid from the Maximum Settlement Amount or Net Settlement Amount.

21.     "Final Approval Hearing" means the hearing set by the Court for the purpose of determining, inter alia, (1) the fairness, adequacy, and reasonableness of the Settlement, (2) the Service Payment to Plaintiff, and (3) the fees and costs of Class Counsel.

22.     "Final Approval Order" or "Order of Final Approval" refer to the order of the Court granting final approval of this Settlement and entering a judgment approving this Settlement on substantially the same terms provided herein or as may be modified by subsequent agreement of the Parties.

23.     "Maximum Settlement Amount" refers to the maximum amount which Defendant is obliged to pay under this Agreement, i.e., Three Million Four Hundred Thousand Dollars and Zero Cents ($3,400,000.00). The Maximum Settlement Amount includes Employee-side Taxes and Withholdings, but does not include Employer-side Taxes on the wage portion of the Settlement.

24.     "Net Settlement Amount" refers to the Maximum Settlement Amount, less the Court-approved (a) fees and costs of the Settlement Administrator, (b) payment to the California Labor and Workforce Development Agency ("LWDA"), (c) Service Payments of Plaintiffs, and (d) Class Counsel's Fees and Costs.

25.     "Order of Preliminary Approval" or "Preliminary Approval Order" refers to the order of the Court granting preliminary approval of this Settlement and authorizing dissemination of the Class Notice substantially in the form attached here to as Exhibit 2, or as it may be modified by agreement of the Parties or upon order of the Court.

26.     "Participating Class Members" refers to all Class Members who choose to participate in this Settlement and who do not timely and validly exclude themselves from the Settlement in accordance with the procedures set forth herein.

27.     "Parties" refers to Plaintiff Wise, Plaintiff Zepeda, and Defendant.

28.     "Plaintiffs" refers collectively to Plaintiffs Elizabeth Wise and Julie Zepeda.

29.     "Released Claims" refers collectively to the claims released by Participating Class Members and as defined in Paragraph 58.

30.    "Released PAGA Claims" means the PAGA claims released by Plaintiffs on behalf of themselves and the other allegedly aggrieved employees and the LWDA, described in detail in Paragraph 59, as against Defendant.

31.    "Released Parties" means collectively Defendant its insurers, parents, subsidiaries, affiliated companies, charitable organizations, partners, trustees, directors, officers, agents, attorneys, servants and employees, past and present  and each of them.

32.    "Response Period" means the final date, forty-five (45) days after the Settlement Administrator mails the Class Notice to the Class Members, upon which Class Members may submit a request for exclusion or objection to the Settlement.

33.    "Settlement Administrator" refers to Simpluris, Inc., the third-party administrator whom the Parties have selected to administer the Settlement in accordance with the terms set forth herein and as approved by the Court.

34.    "Settlement Share" refers to the payment to which a Participating Class Member is entitled to receive pursuant to the Settlement.

35.    "Qualified Settlement Fund" or "QSF" means an account that will qualify and be characterized as a Qualified Settlement Fund under the provisions of the U.S. Treasury Regulations l.486B-1 and 1.468B-5, to be set up as provided below, and into which the Maximum Settlement Amount is to be deposited as agreed herein, to be administered in a manner consistent with law and the terms of this Settlement.

III.    **APPLICATION FOR APPROVAL OF THE SETTLEMENT, CLASS CERTIFICATION, DISSEMINATION OF NOTICE, AND SETTING OF FINAL APPROVAL HEARING.**

36.    Promptly upon the full execution of this Agreement, Plaintiffs shall apply to the Court for approval of the Settlement, including an Order of Preliminary Approval that, amongst other things, (a) preliminarily approves the Settlement under the legal standards relating to the approval of class action settlements; (b) preliminarily certifies the Class for settlement purposes only; (c) approves the Class Notice and authorizes dissemination of the same; (d) preliminarily approves Plaintiffs as Class Representatives; (e) preliminarily approves Mayall Hurley, Polaris Law Group, LLP, Law Offices of Choi & Associates, and Hyun Legal, APC as Class Counsel; (f) preliminarily approves Simpluris, Inc. to serve as Settlement Administrator; and (g) sets a Final Approval Hearing and briefing schedule.  Should this Settlement not become effective for any reason, the fact that the Parties stipulated to certification of a Class shall have no bearing on and shall not be admissible on the question of whether a class action should be certified in a non-settlement context.

IV.    **CONSIDERATION FOR THE SETTLEMENT.**

37.    <u>Maximum Settlement Amount.</u>

The Parties agree to settle this Class Action for the Maximum Settlement Amount of $3,400,000. The settlement is being made on an all-in, non-reversionary basis, such that Defendant will pay the entirety of the agreed-upon Maximum Settlement Amount.  The Maximum Settlement Amount is paid by Defendant in full and final settlement of (a) the Released Claims, (b) the fees and costs of the

Settlement Administrator, (b) the payment to the LWDA, (c) the Service Payments to Plaintiffs, (d) Employee-side Taxes and Withholdings, and (e) Class Counsel's Fees and Costs.  The Maximum Settlement Amount shall be deposited into the QSF within 15 business days of the Effective Date.  The Maximum  Settlement Amount does not include the Employer-side Taxes which also must be paid by Defendant.

38.    Allocation of the Maximum Settlement Amount.

Subject to Court approval, the Maximum  Settlement Amount of $3,400,000 will be allocated as follows:

(i)     $16,000 for the fees and costs of the Settlement Administrator;
(ii)    $56,250 payment to LWDA under the PAGA;
(iii)   $20,000 in Service Payments to Plaintiffs ($10,000 each);
(iv)    $60,000 payment to Class Counsel for reasonable costs; and
(v)     $1,133,333.33 payment to Class Counsel for attorneys' fees.

The remainder constitutes the Net Settlement Amount:  $2,114,416.67.

39.    Escalator Clause.

The Parties agree that –

(i)     There were approximately 37,654 workweeks in which Class Members earned commissions, non-discretionary bonuses and/or additional hourly compensation under Defendant's Path to Abundance Salon Commission Plan Document; and
(ii)    There were approximately 23,733 pay periods in which Class Members earned commissions, non-discretionary bonuses and/or additional hourly compensation under Defendant's Path to Abundance Salon Commission Plan Document.

If the number of workweeks, or pay periods, increases by more than 5%, the Maximum Settlement Amount shall increase pro rata with a 5% grace margin  (i.e. if the numbers increase by 6%, the Maximum Settlement Amount shall increase by 1%).

40.    Reasonable Fees and Costs of the Settlement Administrator.

All of the Settlement Administrator's fees and costs, which are not to exceed $16,000 unless otherwise approved by the Court, will be paid out of the Maximum Settlement Amount from the QSF.

41.    Payment to the LWDA under the PAGA.

The Settlement allocates $75,000 to the PAGA claims.  Defendant does not oppose the allocation.  Of that amount, 75% – or $56,250 – will be paid to the LWDA, and 25% – or $18,750 – will be returned to the portion of the Net Settlement Amount allocated to the Participating Class Members. The Settlement Administrator shall make the payment to the LWDA within ten (10) days after Defendant funds the QSF.

42.   <u>Service Payment to Plaintiffs.</u>

Subject to Court approval, Plaintiffs will apply for Service Payments of not to exceed $10,000 each ($20,000 total), or .588% of the Maximum Settlement Amount, in consideration for their efforts on behalf of the Class including, but not limited to, assisting in the investigation of their claims and consulting with Class Counsel, providing critical information and documents to Class Counsel, preparing for and providing deposition testimony, responding to written discovery, and participating in settlement negotiations and mediation, as well as the drafting of the Settlement Agreement.  Any Service Payment approved by the Court will be paid out of the Maximum Settlement Amount and shall be in addition to their Settlement Share under the terms of the Settlement.   In addition to the claims released under the Settlement, and as set forth in greater detail below, Plaintiffs will also provide a general release which includes California Civil Code section 1542 waiver.  The Settlement Administrator will issue an IRS Form 1099 for any Service Payment approved by the Court.  The Settlement Administrator shall mail the Service Payment to Plaintiffs within 10 days after Defendant funds the QSF.  Defendant does not oppose the proposed Service Payments.

43.   <u>Reasonable Attorneys' Fees and Costs to Class Counsel.</u>

Subject to Court approval, Class Counsel will apply to the Court for an award of attorneys' fees and costs incurred in connection with the prosecution of this matter; all of the work remaining to be performed including, but not limited to, drafting the Settlement Agreement; drafting the Class Notice; soliciting bids from, negotiating with, and retaining the Settlement Administrator; preparing all of the motions and documents necessary to secure Court approval of the Settlement Agreement (including all related appellate work); carrying out their duties to see that the Settlement Agreement is fairly administered and implemented; responding to questions from Class Members; and obtaining dismissal of the Class Action.

 Class Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed $1,133,333.33, or one-third, of the Maximum Settlement Amount, and declared costs of up to $60,000.00.  Defendant does not oppose Class Counsel's request.  The fees and costs awarded to Class Counsel by the Court shall be paid out of the Maximum Settlement Amount from the QSF.  The Settlement Administrator shall issue an IRS Form 1099 to Class Counsel in connection with this payment.  The Settlement Administrator shall distribute the attorneys' fees and costs awarded to Class Counsel within 10 days after Defendant funds the QSF.  The attorneys' fees awarded to Class Counsel shall be allocated as follows:  80% to Mayall Hurley, P.C., and 20% to Polaris Law Group LLP, Law Offices of Choi and Associates, and Hyun Legal, APC (to be allocated internally).

Not less than 35 days following the mailing of the Class Notice, or such other time as the Court may require, Class Counsel will file a motion for attorneys' fees, costs, and Service Payments with the Court.

In the event that a lesser sum is awarded for the attorneys' fees and costs referenced above, or for the Service Payment referenced in Paragraph 42, the approval by the Court of any such lesser sum(s) shall not be grounds for Plaintiffs and/or Class Counsel to terminate the Settlement, but such an order shall be appealable by them.  In the event that such an appeal is filed, administration of the portion of the attorneys' fees and/or costs award and/or service payment in dispute will be segregated and stayed pending the exhaustion of appellate review.  If, after the exhaustion of any such appellate review, additional amounts are distributable to the Participating Class Members, the cost of administration of the

payments to them will be paid out of such additional amounts and not by Defendant. In the event that appellate review is not sought regarding Class Counsel's attorneys' fees and costs, any amount not awarded in attorneys' fees, costs and Service Payment shall be added to the Maximum Settlement Amount and distributed to the Participating Class Members in accordance with the terms of the Settlement.

44.    Tax Treatment of Settlement Shares.

For the purpose of taxes and required withholdings, the Parties agree to the following: One-third of each Participating Class Member's Settlement Share shall constitute wages (for which an IRS Form W-2 shall be issued), one-third shall constitute interest, and one-third shall constitute penalties (for which an IRS Form 1099 shall be issued). The additional payment to Participating Class Members whose employment with Defendant ended on or before preliminary approval, as described in Paragraph 53, shall constitute penalties (for which an IRS Form 1099 shall be issued).

Prior to the distribution of Settlement Shares, the Settlement Administrator shall calculate the total taxes and withholdings required as a result of the wage portion of the Settlement Share and such actual amount will be deducted therefrom. Additionally, within 5 days of the Effective Date, or earlier upon Defendant's request, the Settlement Administrator shall calculate the Employer-side Taxes due on the wage portion of the Settlement Shares and issue instructions to Defendant to separately fund these obligations. Defendant, Defendant's counsel, the Settlement Administrator, and Plaintiffs' counsel make no representation as to the tax treatment or legal effect of the payments called for hereunder, and Plaintiffs and Participating Class Members are not relying on any statement, representation, or calculation by Defendant, Defendant's counsel, Plaintiffs' counsel, or the Settlement Administrator in this regard. Plaintiffs and Participating Class Members understand and agree that they will be solely responsible for the payment of any taxes and penalties assessed on their respective payments described herein and will defend, indemnify, and hold Defendant, Defendant's counsel, Plaintiff's counsel and the Settlement Administrator free and harmless from and against any claims resulting from treatment of such payments as non-taxable damages.

45.    No Effect on Employee Benefit Plans.

It is expressly understood and agreed that the receipt of Settlement Shares will not entitle any Participating Class Member to additional or derivative compensation or benefits under any Defendant bonus, contest or other compensation or benefit plan or agreement in place during the period covered by the Settlement, nor will it entitle any Participating Class Member to any increased retirement, 401k benefits or matching benefits, or deferred compensation benefits. It is the intent of this Settlement that the settlement awards provided for in this Agreement are the sole payments to be made by Defendant to the Participating Class Members, and that the Participating Class Members are not entitled to any additional or derivative compensation or benefits as a result of having received the Settlement Shares (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this Settlement).

46.    Undistributed Funds.

In the event that any checks mailed to Participating Class Members remain uncashed after the expiration of 180 days, or an envelope mailed to a Participating Class Member is returned and no forwarding address can be located for the Participating Class Member after reasonable efforts have

been made (including but not limited to skip tracing), then any such funds shall be transmitted to the Settlement Administrator and distributed as follows in accordance with California Code of Civil Procedure section 384:

> 50% to Court Appointed Special Advocates for Children of San Joaquin (serving San Joaquin County) and 50% to Court Appointed Special Advocates for Children of Los Angeles (serving Los Angeles County).

## V.    **ADMINISTRATION OF THE SETTLEMENT.**

47.    <u>Duties of the Settlement Administrator.</u>

The Settlement Administrator shall perform the duties required by this Settlement by, among other things, and without limitation, (i) receiving and updating through normal and customary procedures the Class List to be produced by Defendant, so that it is updated prior to the mailing of the Class Notice, (ii) populating, printing, and mailing the Court-approved Class Notice, (iii) responding to Class Member inquiries as appropriate, (v) performing necessary additional skip traces on any notices and/or checks returned as undeliverable, (vi) tracking exclusions and calculating the Settlement Shares of the Participating Class Members, (vii) resolving disputes during the administration process in the manner described below, (viii) reporting to Class Counsel and Defense Counsel regarding administration of the Settlement, (ix) establishing the QSF in the manner described below, (x) preparing and mailing settlement checks to the Participating Class Members, (xi) preparing and distributing the Court-approved payments to the itself, the LWDA, the Class Representatives, and Class Counsel, (xii) preparing all appropriate tax forms required in connection with the payments called for by this Settlement and remitting those forms and all required payments to the appropriate governmental agencies, (xiii) providing notice of the Settlement in accordance with the Class Action Fairness Act ("CAFA"), (xiv) preparing a final report summarizing the administration of the Settlement, and (xv) generally performing all normal and customary duties associated with the administration of such settlements.

48.    <u>Dispute Resolution.</u>

The Settlement Administrator shall have the initial responsibility for resolving any disputes that arise during the administration of the Settlement including, without limitation, disputes regarding whether a Class Member is entitled to a Settlement Share and, if so, the amount thereof.  In resolving such disputes, Defendant's employment records shall be presumed accurate and correct, and shall be final and binding unless the information submitted by the individual (e.g., time records, wage statements, employment records, etc.) proves otherwise.  In the event that the Settlement Administrator cannot resolve a dispute based upon a review of Defendant's records, the Settlement Administrator will schedule a call with Class Counsel and Defense Counsel to discuss and resolve the dispute.  After such call, the Settlement Administrator will resolve the dispute and such resolution will be final and binding on the Class Member.

49.    <u>Establishing the Qualified Settlement Fund.</u>

The Settlement Administrator shall be responsible for establishing a QSF upon the Court's approval to do so, which approval the Parties will jointly seek.  The QSF will be taxed as a separate entity for purposes of all federal, state, and local taxes, and the Parties agree to treat the QSF on a basis

consistent therewith.  Any interest accrued shall inure to the benefit of the Class.  The Maximum Settlement Amount shall be deposited into the QSF within fifteen (15) business days of the Effective Date.    Defendant may, at its discretion, deposit the Maximum Settlement Amount at an earlier date.

## VI.    CLASS LIST, NOTICE TO CLASS MEMBERS, PARTICIPATION IN THE SETTLEMENT, AND SETTLEMENT SHARES.

50.    Provision of the Class List.

Within 10 calendar days of the Court's entry of the Order of Preliminary Approval, Defendant shall provide the Settlement Administrator with the Class List containing the following for each Class Member: (i) name, (ii) last known address, (iii) social security number, (iv) dates of employment, and (v) the number of pay periods during which each Class Member earned commissions, non-discretionary bonuses and/or additional hourly compensation under Defendant's Path to Abundance Plan Document during the Class Period.  This information shall be treated by the Settlement Administrator as Confidential Information pursuant to the Parties' Court-entered Protective Order. [Dkt. No. 35.]

51.    Notice to Class Members.

Promptly upon receipt of the Class List, the Settlement Administrator shall access the National Change of Address Database ("NCOA") and update the addresses provided by Defendant.  The Settlement Administrator shall also populate the Class Notice with the number of pay periods that each Class Member earned commissions, non-discretionary bonuses and/or additional hourly compensation under Defendant's Path to Abundance Plan Document during the Class Period.  Within 10 calendar days after receipt of the Class List, the Settlement Administrator shall mail the Class Notice to each Class Member via first-class mail.  For each notice returned as undeliverable before the Response Deadline, the Settlement Administrator shall promptly attempt to determine a correct address using its best efforts and shall resend the notice to any new address determined thereby.

52.    No Claim Form Required.

Each Participating Class Member shall be entitled to a share of the Net Settlement Amount. Participating Class Members shall not be required to complete a claim form.  Class Members shall receive a Class Notice informing them of the terms of the Settlement Agreement, their right to opt-out and/or object, and an estimate of their share of the Net Settlement Amount.  Unless a Class Member elects to opt-out, he or she will be a Participating Class Member.  Settlement Shares will be mailed to all Participating Class Members.

53.    Calculation of Settlement Shares.

The Settlement Shares will be proportionally based upon the number of pay periods each of the Participating Class Members earned commissions, non-discretionary bonuses and/or additional hourly compensation under Defendant's Path to Abundance Salon Commission Plan Document during the Class Period.  $406,813.00 shall be set aside for Participating Class Members whose employment with Defendant ended on or before preliminary approval ("Former Class Member Payment").  The amount of each Participating Class Member's Settlement Share shall be determined by the Settlement Administrator as follows:

The pay periods worked in which each of the Participating Class Members earned commissions, non-discretionary bonuses and/or additional hourly compensation under Defendant's Path to Abundance Salon Commission Plan Document, divided by the total pay periods worked in which all Participating Class Members earned commissions, non-discretionary bonuses and/or additional hourly compensation under Defendant's Path to Abundance Salon Commission Plan Document between December 30, 2016 and August 25, 2018, resulting in a payment ratio for each Participating Class Member. Each Participating Class Member's payment ratio is then multiplied by the Net Settlement Amount, less the amount set aside for Participating Class Members whose employment with Defendant ended on or before preliminary approval, to determine his or her individual Settlement Share. Participating Class Members whose employment with Defendant ended on or before preliminary approval, shall each receive a pro rata share of the Former Class Member Payout in addition to their Participating Class Member's Settlement Share.

The Settlement Administrator shall mail the Settlement Shares to Participating Class Members within 20 calendar days of the Effective Date or the funding of the QSF, whichever is later.

54.     Procedures for Challenges.

A Class Member may, before the Response Deadline, dispute the amount of his or her Settlement Share, and the data used to calculate it, by timely sending a written notice to the Settlement Administrator informing the Settlement Administrator of the nature of the dispute and providing any records or documentation supporting their position. In response to such a challenge, Defendant will first verify the accuracy of the information contained in its records. Next, Class Counsel and Defense Counsel will make a good faith effort to resolve the dispute informally. If Class Counsel and Defense Counsel are unable to agree, the dispute shall be resolved by the Settlement Administrator after examination of the records provided by the Class Member and Defendant. The Settlement Administrator's determination will be final and binding.

If, before the Response Deadline, an individual not previously identified in the Class List asserts his or her membership in the Class and seeks recovery under the Settlement, the Settlement Administrator shall provide Class Counsel and Defense Counsel with the evidence submitted by the individual. To be eligible for recovery under this Settlement, individuals must provide sufficient proof to the Settlement Administrator supporting his or her request for inclusion, including specific evidence establishing that he or she qualifies as a Class Member as defined herein. If Class Counsel and Defense Counsel agree an individual is not a Class Member, the Settlement Administrator will inform the individual that their request for inclusion has been rejected. If Class Counsel and Defense Counsel are unable to agree, the dispute shall be resolved by the Settlement Administrator after examination of the records provided by the Class Member and Defendant. The Settlement Administrator's determination will be final and binding.

## VII.     EXCLUSIONS, OBJECTIONS AND BINDING EFFECT OF SETTLEMENT.

55.     Right to Opt-Out of Settlement.

The Class Notice will advise each Class Member of their right to exclude themselves from or opt-out of the Settlement. To be effective, requests for exclusion must (a) be submitted in writing to the

Settlement Administrator, postmarked on or before the Response Deadline (i.e., no later than 45 calendar days from the date of mailing of the Class Notice); (b) contain the individual's full name, current home (or mailing address), and the last four digits of his or her social security number; (c) be signed by the individual; and (d) include written affirmation of his or her desire to exclude themselves containing the following or substantially similar language:

"I elect to opt-out of the *Wise v. ULTA Salon, Cosmetics & Fragrance, Inc.* and *Zepeda v. ULTA Salon, Cosmetics & Fragrance, Inc*. class action settlement.  I understand that by doing so, I will not be able to participate in the settlement, and will not receive a share of the settlement."

The Settlement Administrator shall notify Class Counsel and Defense Counsel of the number of opt-outs within 48 hours of its receipt of requests for exclusion.  The Class Notice shall include the specific address to which requests for exclusion must be mailed as well as a summary of this paragraph.  Any Class Member who timely requests exclusion from this Settlement shall not have any rights under the Settlement, shall not be entitled to receive a Settlement Share, shall not be bound by the Settlement or the Order of Final Approval, and shall not have the right to file an objection to the Settlement.

56.    Right of Class Members to Object to Settlement.

The Class Notice will advise each Class Member of their right object to the Settlement.  To be effective, the Class Member cannot opt-out and objections must (a) be mailed to the Court, postmarked on or before the Response Deadline (i.e., no later than 45 calendar days from the date of mailing of the Class Notice ); (b) clearly identify the case name and number; (c) contain the objector's full name, current home (or mailing address), and the last four digits of his or her social security number; (d) clearly and concisely state all grounds for the objection; (e) indicate whether the objector is represented by counsel and, if so, identify such counsel; (f) indicate whether the objector his or her counsel intend to appear at the Final Approval Hearing; and (g) be signed by the objector or his or her counsel.

The Class Notice shall include the specific address to which objections must be mailed as well as a summary of this paragraph.  No Class Member may be heard at the Final Approval Hearing unless he or she has complied with these requirements, or any requirements mandated by the Court, and any Class Member who fails to comply with said requirements shall be deemed to have waived his or her right to object to the Settlement.  The Parties will not be responsible for any fees, costs, or expenses incurred by any Class Member and/or his or her counsel related to any objections to the Settlement and/or appeals arising therefrom.  Any Class Member whose objection is overruled will be deemed to be a Participating Class Member and subject to the terms of this Settlement and the Court's Order of Final Approval.

57.    Binding Effect on Participating Class Members.

All Participating Class Members will bound by the terms and conditions of this Settlement, the Court's Order of Final Approval, and the releases set forth herein.

## VIII.    **RELEASES**

58.    Released Claims.

As of the Effective Date, and in exchange for the consideration provided herein, Plaintiffs, on their own behalf and as Class Representatives, and all Participating Class Members, including but not

limited to their dependents, heirs and assigns, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, and successors-in-interest, hereby forever and completely release and discharge Defendant and Released Parties from the following claims, collectively the Released Claims:

(i)     Any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, interest, attorneys' fees and costs, damages, liquidated damages, including all claims for failure to provide paid rest periods, failure to pay separately and hourly for rest and recovery periods and other non-productive time, failure to pay premiums for noncompliant meal and rest periods at the correct rate, failure to pay overtime, failure to provide accurate itemized wage statements, and failure to pay all wages due and owing at the end of employment in violation of the California Industrial Welfare Commission Wage Orders, California Labor Code sections 201-203, 218 226, 226.2, 226.7, 510, 512, 558, 1182.12, 1194, 1194.2, 1197, and 1198 and unfair business practices in violation of Business and Professions Code section 17200 et. seq., based upon the foregoing, as well as any and all claims under California law that were or could have been pled based upon the factual allegations contained in the Class Action, which arose between December 30, 2016 and August 25, 2018.

(ii)    All Participating Class Members who are currently employed by Defendant and who participate in the Settlement and receive a payment thereunder shall, by virtue of the same, release any Labor Code section 203 claims for failure to pay wages due and owing at the end of employment based upon the claims set forth above in Paragraph 58(i).

In addition, all Participating Class Members shall be enjoined from seeking any monetary relief/award by filing any claims with the Division of Labor Standards and Enforcement or Department of Labor, or from initiating other proceeding regarding claims released under this Settlement.

59.     Released PAGA Claims.

As of the Effective Date, it is understood and agreed that Plaintiffs, on behalf of themselves, the Labor and Workforce Development Agency, and the other aggrieved employees in the State of California, releases Defendant and Released Parties from any and all claims based upon alleged violations of the Private Attorneys' General Act, California Labor Code section 2699.3, based upon allegations of violations of Labor Code sections 201-203, 226, 226.2, 226.7, 510, 512, 1182.12, 1194, 1194.2, and 1198, from December 30, 2016 through August 25, 2018.  The claims described above are referred to herein as the "Released PAGA Claims."

It is the intent of the Parties that the judgement entered by the Court upon final approval of the Settlement shall have *res judicata* effect and be final and binding upon Plaintiffs and all Participating Class Members.

60.     Release by Plaintiffs.

As of the Effective Date, in addition to the Released Claims, and in consideration for receipt of a Service Payment, Plaintiffs expressly additionally release all claims relating to their employment with Defendant, conditions of employment, or the termination of their employment, including but not limited to, claims for, breach of contract, breach of the covenant of good faith and fair dealing, negligent or

intentional infliction of emotional distress; defamation; wrongful discharge; retaliation; harassment; violation of public policy; constructive discharge; whistleblowing; interference with prospective economic advantage or contractual relations; unfair business practices; unfair competition; or other tort or personal injury; violation of any federal, state, or other governmental statute, regulation, or ordinance, including, without limitation violation of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Family and Medical Leave Act, the California Fair Employment and Housing Act, the California Family Rights Act, the California Labor Code or any Industrial Welfare Commission Wage Order, and vested benefits under the Employee Retirement Income Security Act. Plaintiffs expressly waive and relinquish all rights and benefits afforded by Section 1542 of the Civil Code of the State of California and does so understanding and acknowledging the significance of the waiver of Section 1542. Section 1542 of the Civil Code of the State of California states: A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Notwithstanding the provisions of Section 1542, and for the purpose of implementing a full and complete release and discharge of Defendant and Released Parties, Plaintiffs expressly acknowledge that this Settlement is intended to include in its effect all claims that Plaintiffs know of, as well as all claims that they do not know or suspect to exist in their favor against Defendant and Released Parties, and that this Settlement contemplates the extinguishment of any such claims.

## IX.   FINAL SETTLEMENT APPROVAL.

61.   Final Approval Hearing.

Class Counsel will take all necessary steps to secure the Court's final approval of this Settlement. Defense Counsel agrees not to oppose Class Counsel's request for final approval of this Settlement as long as the Class Counsel's request for final approval is consistent with the terms of this Settlement. A Final Approval Hearing shall be held for the purpose of purpose of considering, *inter alia*, (a) the fairness, adequacy, and reasonableness of the Settlement, (b) the Service Payments to Plaintiffs, (c) the fees and reasonable costs of Class Counsel, and (d) the propriety of any timely objections as well as Class Counsel's and Defense Counsel's response thereto. The date of the Final Approval Hearing shall be set by the Court, and notice of such shall be provided to Class Members in the Class Notice. Although the Court may continue the Final Approval Hearing without further notice to the Class Members.

Plaintiffs will respectfully request the Court enter an Order of Final Approval, and Defendant agrees not to oppose as long as the Order of Final Approval remains consistent with the terms of this Settlement:

   (i)    Approving the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;
   (ii)   Approving payment to the Settlement Administrator;
   (iii)  Approving the Service Payments to the Plaintiffs for their service as Class Representatives;
   (iv)   Approving Class Counsel's application for fees and reasonable costs;

(v)   Permanently enjoining and restraining Participating Class Members from and against initiating or pursuing against Defendant any individual, representative, or class claims released by this Settlement;

(vi)  Entering judgment in this Class Action consistent with the terms of this Settlement; and

(vii) Retaining jurisdiction to the extent necessary over the subject matter of the Class Action and over the Parties and Class Members to enforce the terms of the Settlement.

## X.   <u>TERMINATION OF THE SETTLEMENT.</u>

62.   <u>Defendant's Right to Terminate the Settlement.</u>

Notwithstanding any other provision in this Settlement, if ten percent (10%) or more of the Class Members opt out of the Settlement, Defendant shall have the right, in its sole discretion, to rescind, nullify, and terminate the Settlement within 10 business days after the expiration of the Response Period. The Settlement Administrator shall notify Defense Counsel and Class Counsel via email immediately if the ten percent (10%) threshold for opt-outs is exceeded. If Defendant exercises this right, however, it shall be responsible for the reasonable fees and costs of the Settlement Administrator to that point.

63.   <u>Effect of Termination.</u>

If the Settlement is terminated in accordance with the terms set forth herein (a) the Settlement shall have no force or effect, and no party shall be bound by any of its terms; except as otherwise provided herein, (b) the Order of Preliminary Approval and/or Order of Final Approval shall be vacated, (c) the Settlement and all negotiations, statements, and proceedings related thereto shall be without prejudice to the rights of any of the Parties, all of whom shall be restored to their respective positions in the Class Action prior to the settlement, and (d) neither this Settlement Agreement, nor the filings in connection with the sought approval thereof shall be admissible or offered into evidence in the Class Action or in any other action for any reason whatsoever.

## XI.  <u>MISCELLANEOUS TERMS.</u>

64.   <u>Mutual Cooperation.</u>

The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, executing and amending such documents and taking such other actions as may reasonably be necessary to implement the terms of this Settlement Agreement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court or otherwise, to effectuate this Settlement Agreement and the terms set forth herein. Neither party, nor their counsel, employees, or agents, shall solicit or encourage any Class Member to exclude themselves from the Settlement or object to the Settlement.

65.   <u>Modification.</u>

This Settlement Agreement may not be changed, altered, or modified, except in writing and signed by counsel for the Parties, and approved by the Court, provided however that changes solely to the timing and deadlines herein may be made for administrative convenience by written agreement of

counsel for all Parties without Court approval.  This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto and approved by the Court.

66.     Integration Clause – Entire Agreement.

This Settlement Agreement and the attached exhibits contains the entire agreement between the Parties relating to the settlement of the Class Action and the transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein.  In entering into this Settlement Agreement, none of the Parties has relied on any representation or promise not expressly set forth in this Settlement Agreement.  No rights hereunder may be waived except in writing.

67.     Class Counsel Signatories.

It is agreed that because of the anticipated large number of Participating Class Members, it will be impossible or impractical to have each Participating Class Member execute this Settlement Agreement.  As such, Class Counsel is signing on behalf of the Participating Class Members.  In addition, the Notice will advise Class Members of the binding nature of the Settlement, and their right to Opt-Out and/or object, and shall have the same force and effect as if it were executed individually by each Participating Class Member.

68.     Confidentiality Preceding Preliminary Approval.

The Parties and their respective counsel agree that they will not issue any press releases, initiate any contact with the press, respond to any press inquiry, or have any communication with the press about the fact, amount or terms of the Settlement prior to the filing of the Motion for Preliminary Approval.  Any communication about the Settlement to Class Members prior to the court-approved mailing will be limited to a statement that a settlement has been reached and the details will be communicated in a forthcoming Court-approved notice.

69.     No Publicity.

Following the filing of the Motion for Preliminary Approval, the Parties understand and agree that there may be media coverage of the settlement not initiated by Plaintiffs or Defendant, directly or indirectly, as a result of the public filings.  Notwithstanding the foregoing, Plaintiffs, Defendant, and their respective counsel agree that no Party shall issue any press release to the news media, nor shall any Party disclose any information regarding this settlement in their marketing materials or firm websites, nor shall any Party communicate in any way with news media concerning the settlement or the Class Action.   This provision shall not apply to or limit the public filing of motions or other case materials in the Class Action related to seeking and obtaining Court approval of the proposed Settlement Agreement, the fees and costs of Class Counsel, the Service Payments to the Class Representatives, and the other relief set forth in this Settlement Agreement.  This provision also shall not prohibit Class Counsel from responding to specific questions from Class Members or listing either or both of the consolidated class action lawsuits identified herein by name in support of a motion for appointment as class counsel or motion for attorney's fees.

70.  <u>Interim Stay of Proceedings.</u>

Pending the completion of the approval process, the Parties agree to a stay of all proceedings in the Class Action except those necessary to implement the Settlement itself.

71.  <u>Notices.</u>

Any notices, requests, requests, demands, or other communications required or necessitated by this Settlement Agreement shall be in writing and, except as provided elsewhere in this Settlement Agreement, shall be delivered as follows:

(i)  If to Plaintiffs or Class Counsel, then to:

Robert J. Wasserman, Esq.
William J. Gorham, Esq.
Mayall Hurley P.C.
2453 Grand Canal Blvd.
Stockton, CA 95207
Email:  rwasserman@mayallaw.com
Email:  wgorham@mayallaw.com

William L. Marder
POLARIS LAW GROUP, LLP
501 San Benito Street, Suite 200
Hollister, CA 95203
Email:  bill@polarislawgroup.com

Dennis S. Hyun
HYUN LEGAL, APC
515 Figueroa Street, Suite 1250
Los Angeles, CA 90071
Email:  dhyun@hyunlegal.com

Edward W. Choi
Law Offices of Choi & Associates
515 Figueroa Street, Suite 1250
Los Angeles, CA 90071
Email:  edward.choi@calaw.biz

(ii)  If to Defendant or Defense Counsel, then to:

Kai-Ching Cha
Julie A. Stockton
Littler Mendelson, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
Email:  kcha@littler.com
Email:  jstockton@littler.com

72.  <u>Resolution of Disputes Arising from Preparation of Settlement Agreement.</u>

The Parties agree to seek the guidance of their mediator, David Serratore, Esq., regarding any disputes arising from the preparation of this Settlement Agreement, and any such disputes shall ultimately be resolved by the Parties themselves.

73.  <u>Retention of Jurisdiction by the Court.</u>

Following approval of the Settlement and the Court's entry of the Order of Final Approval, the Court shall retain jurisdiction for the purpose of addressing any issues which may arise with respect to the administration of the Settlement or the enforcement of the Settlement's terms.

74.    Choice of Law.

This Settlement shall be governed by and construed, enforced and administered in accordance with the laws of the State of California.

75.    Construction.

This Agreement is entered into freely and voluntarily without duress or undue pressure or influence of any kind or nature whatsoever and neither Party has relied on any promises, representations or warranties regarding the subject matter hereof other than as set forth in this Agreement. Each Party has been represented by counsel in the settlement negotiations leading up to, and in connection with the preparation and execution of, this Settlement Agreement. The Parties acknowledge and agree that all Parties had an equal hand in drafting this Agreement so that it shall not be deemed to have been prepared or drafted by one Party or another. All Parties waive the provisions of California Civil Code section 1654 (and any other equivalent state, federal, or local provision), which provides, in part, that "the language of a contract should be interpreted most strongly against the Party who caused the uncertainty to exist."

76.    Execution in Counterparts.

This Agreement may be executed in counterparts, by facsimile and/or by electronic signature/PDF, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument. Any signature to this Agreement transmitted by facsimile or electronically and any copies of any signatures are valid and binding.

77.    Authority.

The individuals signing this Agreement represent and warrant that they are authorized to do so. Those individuals likewise represent and warrant that they have the authority to execute this Agreement and to take all appropriate action required and permitted to be taken by this Agreement, except such action that is the prerogative of the Court.

**DATED:** May  3 , 2019

By_____
        ELIZABETH WISE
        Plaintiff

**DATED:** May ___, 2019

By_____
        JULIE ZEPEDA
        Plaintiff

**DATED:** May ___, 2019

By_____

_____
Defendant ULTA Salon, Cosmetics & Fragrance, Inc.

DocuSign Envelope ID: 0B88AEF7-BB1D-444E-94D5-5139472138FF

74.   Choice of Law.

This Settlement shall be governed by and construed, enforced and administered in accordance with the laws of the State of California.

75.   Construction.

This Agreement is entered into freely and voluntarily without duress or undue pressure or influence of any kind or nature whatsoever and neither Party has relied on any promises, representations or warranties regarding the subject matter hereof other than as set forth in this Agreement. Each Party has been represented by counsel in the settlement negotiations leading up to, and in connection with the preparation and execution of, this Settlement Agreement. The Parties acknowledge and agree that all Parties had an equal hand in drafting this Agreement so that it shall not be deemed to have been prepared or drafted by one Party or another. All Parties waive the provisions of California Civil Code section 1654 (and any other equivalent state, federal, or local provision), which provides, in part, that "the language of a contract should be interpreted most strongly against the Party who caused the uncertainty to exist."

76.   Execution in Counterparts.

This Agreement may be executed in counterparts, by facsimile and/or by electronic signature/PDF, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument. Any signature to this Agreement transmitted by facsimile or electronically and any copies of any signatures are valid and binding.

77.   Authority.

The individuals signing this Agreement represent and warrant that they are authorized to do so. Those individuals likewise represent and warrant that they have the authority to execute this Agreement and to take all appropriate action required and permitted to be taken by this Agreement, except such action that is the prerogative of the Court.

**DATED:** May ___, 2019

By_____
        ELIZABETH WISE
        Plaintiff

**DATED:** May _6_, 2019

By _Julie Zepeda_ _____
    —DocuSigned by:
    —3D63D2D99FAB4D9...  EDA
        Plaintiff

**DATED:** May ___, 2019

By_____
    _____
    _____
    Defendant ULTA Salon, Cosmetics & Fragrance, Inc.

---

Class Action Settlement Agreement and Release of Claims
Page 19 of 20

74.   Choice of Law.

This Settlement shall be governed by and construed, enforced and administered in accordance with the laws of the State of California.

75.   Construction.

This Agreement is entered into freely and voluntarily without duress or undue pressure or influence of any kind or nature whatsoever and neither Party has relied on any promises, representations or warranties regarding the subject matter hereof other than as set forth in this Agreement.  Each Party has been represented by counsel in the settlement negotiations leading up to, and in connection with the preparation and execution of, this Settlement Agreement.  The Parties acknowledge and agree that all Parties had an equal hand in drafting this Agreement so that it shall not be deemed to have been prepared or drafted by one Party or another.  All Parties waive the provisions of California Civil Code section 1654 (and any other equivalent state, federal, or local provision), which provides, in part, that "the language of a contract should be interpreted most strongly against the Party who caused the uncertainty to exist."

76.   Execution in Counterparts.

This Agreement may be executed in counterparts, by facsimile and/or by electronic signature/PDF, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument. Any signature to this Agreement transmitted by facsimile or electronically and any copies of any signatures are valid and binding.

77.   Authority.

The individuals signing this Agreement represent and warrant that they are authorized to do so. Those individuals likewise represent and warrant that they have the authority to execute this Agreement and to take all appropriate action required and permitted to be taken by this Agreement, except such action that is the prerogative of the Court.

**DATED:** May ___, 2019

By_____
         ELIZABETH WISE
         Plaintiff

**DATED:** May ___, 2019

By_____
         JULIE ZEPEDA
         Plaintiff

**DATED:** May **14** , 2019

By _Jodi J Caro_____
         Jodi J. Caro
         General Counsel and Corporate Secretary
         Defendant ULTA Salon, Cosmetics & Fragrance, Inc.

DocuSign Envelope ID: 0B88AEF7-BB1D-444E-94D5-5139472138FF

1    **APPROVED AS TO FORM AND CONTENT:**

2    **DATED:** May ___, 2019          **LITTLER MENDELSON P.C.**

3
                                    By_____
4                                         KAI-CHING CHA
                                          JULIE A. STOCKTON
5                                         Attorneys for Defendant ULTA Salon, Cosmetics &
                                          Fragrance, Inc.
6

7    **DATED:** May 7, 2019          **MAYALL HURLEY P.C.**

8                                    By_____
                                          ROBERT J. WASSERMAN
9                                         WILLIAM J. GORHAM
                                          Attorneys for Plaintiffs and the Putative Class
10

11   **DATED:** May 7, 2019          **POLARIS LAW GROUP, LLP**

12                                   By_____
                                          WILLIAM L. MARDER
13                                        Attorneys for Plaintiffs and the Putative Class

14   **DATED:** May 7, 2019          **LAW OFFICES OF CHOI & ASSOCIATES**

15                                   By_____
16                                        EDWARD W. CHOI
                                          Attorneys for Plaintiffs and the Putative Class
17

18   **DATED:** May 7, 2019          **HYUN LEGAL, APC**

19                                   By_____
                                          DENNIS S. HYUN
20                                        Attorneys for Plaintiffs and the Putative Class

21

22

23

24

25

26

27

28

---

**APPROVED AS TO FORM AND CONTENT:**

**DATED:** May 14, 2019          **LITTLER MENDELSON P.C.**

By_____
         KAI-CHING CHA
         JULIE A. STOCKTON
         Attorneys for Defendant ULTA Salon, Cosmetics &
         Fragrance, Inc.

**DATED:** May ___, 2019          **MAYALL HURLEY P.C.**

By_____
         ROBERT J. WASSERMAN
         WILLIAM J. GORHAM
         Attorneys for Plaintiffs and the Putative Class

**DATED:** May ___, 2019          **POLARIS LAW GROUP, LLP**

By_____
         WILLIAM L. MARDER
         Attorneys for Plaintiffs and the Putative Class

**DATED:** May ___, 2019          **LAW OFFICES OF CHOI & ASSOCIATES**

By_____
         EDWARD W. CHOI
         Attorneys for Plaintiffs and the Putative Class

**DATED:** May ___, 2019          **HYUN LEGAL, APC**

By_____
         DENNIS S. HYUN
         Attorneys for Plaintiffs and the Putative Class

# Exhibit 1

1
2

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

3

| | |
|---|---|
| **ELIZABETH WISE, an individual,** | **Case No.: 1:17-cv-00853-DAD-EPG (Lead Case)** |
| **Plaintiff,** | **Zepeda v. ULTA SALON, COSMETICS & FRAGRANCE, Inc.** |
| **vs.** | **Case No.: 18-cv—00750-DAD (Member Case)** |
| **ULTA SALON, COSMETICS & FRAGRANCE, INC.; and DOES 1-100, inclusive,** | **NOTICE OF PENDENCY OF CLASS ACTION, PRELIMINARY APPROVAL OF SETTLEMENT AND HEARING FOR FINAL APPROVAL** |
| **Defendants.** | |

4
5
6
7
8
9
10
11

**IMPORTANT: THIS LEGAL NOTICE AFFECTS YOUR RIGHTS. PLEASE READ IT CAREFULLY. YOU ARE NOT BEING SUED.**

12
13
14

**TO:** **All current and former non-exempt California ULTA Salon Professionals who earned commissions, non-discretionary bonuses and/or additional hourly compensation under ULTA Salon, Cosmetics & Fragrance, Inc.'s Path to Abundance Salon Commission Plan, during at least one pay period between December 30, 2016, and August 25, 2018.**

15
16

**RE:** **Notice of settlement of a class action lawsuit for alleged wage and hour violations and announcement of a court hearing that you may choose to attend. You are entitled to receive a payment under the terms of this class action settlement.**

17

| YOUR OPTIONS UNDER THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | If you do nothing, you will be included as a member of the class, you will be bound by this Settlement, and you will receive a payment. |
| **OBJECT** | You may submit a written objection about why you believe that the Settlement is unfair. Any objection must be received by _____, ___ 2019. If the Court approves the Settlement despite your objection, you will still be bound by the Settlement. |
| **OBJECT AND GO TO A HEARING** | If you submit a written objection about why you believe that the Settlement is unfair, you may also speak to the Court about why you believe that the Settlement is unfair. If the Court approves the Settlement despite your objection, you will still be bound by the Settlement. |
| **EXCLUDE YOURSELF** | If you wish to be excluded from the Settlement, you must submit a written election not to participate known as an "opt-out" by no later than _____, ___ 2019. If you opt-out, you will not be bound by the Settlement and will not receive a payment. |

18
19
20
21
22
23
24
25
26
27
28

**1.   WHAT IS THIS LAWSUIT ABOUT?**

Plaintiff Elizabeth Wise filed this lawsuit on June 23, 2017, in the United States District Court, Eastern District of California, against ULTA Salon, Cosmetics & Fragrance, Inc. (referred to as the "Defendant"). Plaintiff Julie Zepeda filed a class action in the Orange County Superior Court on November 13, 2017, alleging similar violations. Her case was removed to the Central District in February 2018, transferred to the Eastern District in June 2018, and consolidated with this matter in August 2018. Plaintiffs are collectively represented by Mayall Hurley P.C., Polaris Law Group, LLP, Law Offices of Choi & Associates, and Hyun Legal, APC. As set forth below, Mayall Hurley P.C., Polaris Law Group, LLP, Law Offices of Choi & Associates, and Hyun Legal, APC have been appointed by the Court to act as attorneys for the Class (referred to as "Class Counsel").

Plaintiffs allege that Defendant failed to properly compensate its non-exempt California Salon Professionals; specifically, that Defendant 1) failed to provide paid rest breaks; 2) failed to pay separately for rest and recovery breaks; 3) failed to pay for non-productive time when they earned additional compensation under Defendant's Path to Abundance Salon Commission Plan; 4) failed to properly calculate and pay non-exempt Salon Professionals' overtime and meal and rest break premiums because it miscalculated their regular rate of pay by not including the value of commissions, non-discretionary bonuses, and /or other items of compensation; 5) failed to furnish accurate itemized wage statements; and 6) failed to pay all wages due upon cessation of employment.

Defendant strongly denies liability for all of Plaintiffs' claims and has raised various factual and legal defenses to these claims. Defendant contends that it properly compensated Salon Professionals for all hours worked when they earned additional compensation under the Path to Abundance Salon Commission Plan in accordance with California law and properly compensated Salon Professionals for overtime and meal and rest break premiums. Defendant has agreed to the proposed settlement without any admission of wrongdoing.

**The Court has made no determination about the strengths and weaknesses of the claims or contentions of either Plaintiffs or Defendant. This Notice is not to be understood as an expression of any opinion by the Court as to the merits of the claims or defenses asserted by either side.** There have been ongoing investigations and substantial exchanges of information. As a result of settlement discussions, the Parties reached a class settlement.

## 2. WHY DID I RECEIVE THIS NOTICE?

The Parties have settled this class action lawsuit. Your employment records indicate that you are a member of the Class. If the Court approves the proposed settlement, your legal rights may be affected. This Notice, which has been approved by the Court, is only a summary. A more detailed document, called the "Class Action Settlement and Release of Claims", containing the complete terms of the settlement, is on file with the Court.

## 3. WHO IS COVERED BY THE CLASS ACTION AND PROPOSED SETTLEMENT?

### A. Who are the Class Members?

The proposed settlement covers the claims of certain current and former employees of Defendant (referred to as the "Class Members" and collectively as the "Class"). The Class is defined as follows:

All current and former non-exempt California ULTA Salon Professionals who earned commissions, non-discretionary bonuses and/or additional hourly compensation under Defendant's Path to Abundance Salon Commission Plan, during at least one pay period between December 30, 2016 and August 25, 2018.

There are approximately 1,843 individuals in the Class.

### B.    What is the Effect of Membership in the Class?

If you are a member of the Classes defined above, you are automatically a Participating Class Member unless you opt-out (i.e., exclude yourself from the Settlement by following the procedures set forth in this Notice). If the Settlement is approved by the Court, you are entitled to payment under the Settlement and will be bound by its terms. Individuals who opt-out will not be bound by the Settlement and will not be eligible to receive a payment.

### 4.    WHAT ARE THE TERMS OF THE SETTLEMENT?

The proposed Settlement was agreed upon between Defendant and Class Counsel after two mediations, the first with Mark S. Rudy, Esq. in March 2018, and the second with Steven J. Serratore, Esq. in January 2019. Class Counsel believes that this Settlement, the terms of which are summarized below, is fair, reasonable, adequate, and in the best interests of the Class.

### A.    Overall Summary of the Settlement Terms.

Defendant will pay $3,400,000 to settle the claims of the Class (referred to as the "Maximum Settlement Amount"). The Maximum Settlement Amount includes payments to Participating Class Members, employee-side taxes and withholdings, the fees and costs of the Settlement Administrator, a required payment to the State of California, the Service Payments to Plaintiffs for their service to the Class, and Class Counsel's attorneys' fees and reasonable costs. The remainder, after deduction of these payments is known as the "Net Settlement Amount."

### B.    Costs of Claims Administrator.

The Parties have agreed to employ Simpluris, Inc. to serve as Settlement Administrator. The Settlement Administrator's fees and costs for administering the Settlement, estimated to be no more than $16,000, if approved by the Court, will be paid out of the Maximum Settlement Amount.

### C.    Service Payment to Class Representative.

Plaintiffs have been approved by the Court to serve as Class Representatives. As Class Representatives, Plaintiffs are entitled to payment for their services to the Class. The Parties have agreed, and the Court has preliminarily approved a payment of $10,000 to Elizabeth Wise and $10,000 to Julie Zepeda ($20,000 combined), or .588% of the Maximum Settlement Amount, for Plaintiffs' services to the Class.

### D.    Class Counsel's Fees and Costs.

Class Counsel are entitled to attorney's fees and costs for representing the Class. Class Counsel will

request for attorneys' fees of one-third of the Maximum Settlement Amount, or $1,133,333.33, and reimbursement of declared litigation costs of up to $60,000.  The fees and costs awarded to Class Counsel shall be allocated as follows:  80% to Mayall Hurley, P.C., and 20% to Polaris Law Group LLP, Law Offices of Choi and Associates, and Hyun Legal, APC (to be allocated internally).  Defendant does not object to the fees and costs sought by Class Counsel.  The Court has preliminarily approved payment to Class Counsel in the amount set forth above.

**E.     Payment to the State of California.**

The Settlement allocates $75,000 of the Gross Settlement Amount to any civil penalties under the Private Attorneys General Act ("PAGA") that could be awarded as a result of the violations alleged.  Of that amount, $56,250 (75% of $75,000) will be paid to the State of California's Labor and Workforce Development Agency, and the remaining $18,750 (25% of $75,000) will be included in the amounts paid to the Class.  Defendant does not object to the PAGA allocation.

**F.     What Can I Expect to Receive?**

The Settlement Shares will be proportionally based upon the number of pay periods each of the Participating Class Members earned commissions, non-discretionary bonuses and/or additional hourly compensation under Defendant's Path to Abundance Salon Commission Plan Document from December 30, 2016 through August 25, 2018.  $406,813.00 shall be set aside for Participating Class Members whose employment with Defendant ended on or before preliminary approval ("Former Class Member Payment").  The amount of each Participating Class Member's Settlement Share shall be determined by the Settlement Administrator as follows:

> The pay periods worked in which each of the Participating Class Members earned commissions, non-discretionary bonuses and/or additional hourly compensation under Defendant's Path to Abundance Salon Commission Plan Document, divided by the total pay periods worked in which all Participating Class Members earned commissions, non-discretionary bonuses and/or additional hourly compensation under Defendant's Path to Abundance Salon Commission Plan Document between December 30, 2016 and August 25, 2018, resulting in a payment ratio for each Participating Class Member.  Each Participating Class Member's payment ratio is then multiplied by the Net Settlement Amount, less the amount set aside for Participating Class Members whose employment with Defendant ended on or before preliminary approval, to determine his or her individual Settlement Share.  Participating Class Members whose employment with Defendant ended on or before preliminary approval, shall each receive a pro rata share of the Former Class Member Payout in addition to their Participating Class Member's Settlement Share

> The Parties estimate that the ***average*** payment to each Participating Salon Professional Class Member will be approximately $1,147.27.

Defendant's records indicate that you are a member of the Class.  Its records also indicate that you worked ___ pay periods between December 30, 2016 and August 25, 2018 in which you earned commissions, non-discretionary bonuses and/or additional hourly compensation under Defendant's Path to Abundance Salon Commission Plan Document.  [Defendant's records further indicate that your employment with Defendant ended between December 30, 2016, and [the date of preliminary approval].  Accordingly, you will also receive a pro rata share of the Former Class Member Payment].  It is estimated that your total

---

payment will be $\_\_\_\_. It will not be possible to know the exact amount of your payment until the Response Deadline has passed and the Settlement Administrator knows the number of Participating Class Members.

One-third of your payment will be treated as unpaid wages, one-third will be treated as interest, and one-third will be treated as penalties. [If your employment with Defendant ended between December 30, 2016, and [the date of preliminary approval], your additional payment (described above) will be treated entirely as penalties.] You will be issued appropriate tax forms for these amounts. Any and all Employer-side taxes that Defendant would normally be responsible for paying will be paid by Defendant in addition to the Maximum Settlement Amount. You are responsible for any taxes owing on the non-wage portion of your payment. Nothing in this Notice, or in any of the settlement documents is intended to provide any tax advice and you understand that Defendant, Defendant's counsel, Plaintiffs, and Plaintiffs' counsel are not giving any tax advice.

## 5. <u>WHAT AM I GIVING UP IF I DO NOT OPT-OUT OF THE SETTLEMENT?</u>

If the Settlement is approved, Plaintiffs and each Participating Class Member releases and discharges the Defendant, and its insurers, parents, subsidiaries, affiliated companies, charitable organizations, partners, trustees, directors, officers, agents, attorneys, servants and employees, past and present and each of them ("Released Parties") from the following claims and liabilities (the "Released Claims"):

(i)    Any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, interest, attorneys' fees and costs, damages, liquidated damages, including all claims for failure to provide paid rest periods, failure to pay separately and hourly for rest and recovery periods and other non-productive time, failure to pay premiums for noncompliant meal and rest periods at the correct rate, failure to pay overtime, failure to provide accurate itemized wage statements, and failure to pay all wages due and owing at the end of employment in violation of the California Industrial Welfare Commission Wage Orders, California Labor Code sections 201-203, 218 226, 226.2, 226.7, 510, 512, 558, 1182.12, 1194, 1194.2, 1197, and 1198 and unfair business practices in violation of Business and Professions Code section 17200 et. seq., based upon the foregoing, as well as any and all claims under California law that were or could have been pled based upon the factual allegations contained in the Class Action, which arose between December 30, 2016 and August 25, 2018.

(ii)    All Participating Class Members who are currently employed by Defendant and who participate in the Settlement and receive a payment thereunder shall, by virtue of the same, release any Labor Code section 203 claims for failure to pay wages due and owing at the end of employment based upon the claims set forth above in Paragraph 5(i).

In addition, all Participating Class Members shall be enjoined from seeking any monetary relief/award by filing any claims with the Division of Labor Standards and Enforcement or Department of Labor, or from initiating other proceeding regarding claims released under this Settlement.

As of the Effective Date, it is understood and agreed that Plaintiffs, on behalf of themselves, the Labor and Workforce Development Agency, and the other aggrieved employees in the State of California, releases Defendant and Released Parties from any and all claims based upon alleged violations of the Private Attorneys' General Act, California Labor Code section 2699.3, based upon allegations of violations of Labor Code sections 201-203, 226, 226.2, 226.7, 510, 512, 1182.12, 1194, 1194.2, and 1198, from December 30, 2016 through August 25, 2018.

There are five ongoing cases in which other plaintiffs have alleged class and representative claims against ULTA which overlap in varying degrees with those at issue in this case; *Rezendez v. ULTA, Inc. and ULTA Salon, Cosmetics & Fragrance, Inc.*, USDC, NDCA, 19-cv-06111; *Terry v. ULTA Salon, Cosmetics & Fragrance, Inc.*, USDC, NDCA, 18-cv-07683; *Medeiros v. ULTA Salon, Cosmetics & Fragrance, Inc.*, USDC, EDCA, Case No. 18-cv-02947; *Tellez v. ULTA Salon, Cosmetics & Fragrance, Inc.*, USDC, SDCA, 18-cv-02480; and *Jennifer Teague v. ULTA Salon, Cosmetics & Fragrance, Inc.,* Los Angeles County Superior Court, Case No. 19STCV04710_. If you choose to participate in this Settlement it may affect your ability to participate in those cases.

**If you do NOT exclude yourself by following the procedures set forth in this Notice and the Court approves the proposed Settlement, you will be deemed to have released the aforementioned claims, as appropriate, and will receive a payment.**

## 6.    HOW DO I RECEIVE A PAYMENT?

All Class Members will receive a payment under this Settlement unless they opt out. If you are a Class Member and you move or change your address, and you want to receive your payment at your new address, you must send a notice of your change of address to the Settlement Administrator, Simpluris, Inc., ADDRESS, CITY, STATE ZIP, Telephone: (209) 867-5309, www.administrator@simpluris.com.

## 7.    WHAT ARE MY RIGHTS AND OPTIONS?

If you are a Class Member as defined above, you have the following rights and options under the proposed Settlement:

### A.    Participate in the Settlement, be represented by Class Counsel, and take no action.

If you take no further action, you will be a Participating Class Member, will be represented by Class Counsel, and will have the right to a share of the Net Settlement Amount. If the Settlement is approved by the Court, you will be bound by the terms of the Settlement and, as set forth above, will be deemed to have released your claims against Defendant. As a Participating Class Member, you will not be charged for the services of Class Counsel.

### B.    Participate in the Settlement, but elect to hire your own attorney.

If you do not wish to be represented by Class Counsel, you may hire your own attorney. Your attorney must send a Notice of Appearance to the Settlement Administrator at the address listed below, so that it is received no later than _____, ___ 2019. You will be responsible for any attorneys' fees and costs charged by your attorney.

### C.    Exclude yourself from the Settlement by opting out.

If you are a Class Member but do <u>not</u> want to participate in the settlement, you may exclude yourself by opting out. If you choose to opt-out, you will lose any right to participate in the settlement and you will not be eligible to receive a share of the Net Settlement Amount. You will be free to pursue any claims you may have against Defendant on your own behalf, but Class Counsel will not represent you.

In order to opt-out, you must notify the Settlement Administrator, in writing, at the address listed below. In order to be effective, your opt-out must be postmarked or delivered to the Settlement Administrator no later than [45 days from the mailing of the Class Notice], and must be signed, contain your full name, current home (or mailing address), the last four digits of your Social Security number, and written affirmation of your desire to optout containing the following or substantially similar language:

> "I elect to opt out of the *Wise v. ULTA Salon, Cosmetics & Fragrance, Inc.* and *Zepeda v. ULTA Salon, Cosmetics & Fragrance, Inc.* class action settlement. I understand that by doing so, I will not be able to participate in the settlement, and will not receive a share of the settlement."

If you do not comply with these procedures, you will lose any opportunity to exclude yourself from the settlement, you will be a Participating Class Member, will be represented by Class Counsel, and will receive a share of the Net Settlement Amount. If the settlement is approved by the Court, you will be bound by the terms of the settlement and, as set forth above, will be deemed to have released your claims against Defendant.

### D. Object to the terms of the Settlement.

If you are dissatisfied with the terms of the Settlement, you may, object to the Settlement. All objections and supporting papers must (a) clearly identify the case name and number (i.e., *Wise v. ULTA Salon, Cosmetics & Fragrance, Inc.*, United States District Court, Eastern District of California, Case No. 1:14-cv-00853-DAD-EPG), (b) include your full name, address, telephone number, and the last four digits of your Social Security Number, (c) concisely state the grounds for your objection, (d) indicate whether you are represented by counsel and, if so, identify such counsel, (e) indicate whether you would like to appear at the Final Approval Hearing, and (e) be signed. To be timely, your objection must be mailed to the Court and the Settlement Administrator, postmarked on or before [45 days following the mailing of the Notice].

If you have filed a timely and proper objection, you also may, but are not required, to appear and present argument at the Final Approval Hearing. Objections not timely postmarked or delivered by [45 days after the mailing of the Notice] will not be considered by the Court. If you file an objection that is not timely, or that does not include the information specified above, you will have no right to appear and present any argument at the Final Approval Hearing.

You may be represented by an attorney at the Final Approval Hearing. Any attorney who will represent an individual objecting to the settlement must file a notice of appearance with the Court and serve counsel for all parties on or before [45 days after the mailing of the Notice]. All objections or other correspondence must state the name and number of the case – *Wise v. ULTA Salon, Cosmetics & Fragrance, Inc.*, United States District Court, Eastern District of California, Case No. 1:14-cv-00853-DAD-EPG.

## 8. WHEN IS THE COURT HEARING AND WHAT IS IT FOR?

The Court will hold the Final Approval Hearing in the Robert E. Coyle United States Courthouse, 2500 Tulare Street, Fresno, CA 93721, on _____, ___ 2019, at 9:30 a.m. in Courtroom 5, 7th Floor, to determine whether the settlement should be finally approved as fair, reasonable and adequate. The Court will also be asked to approve the fees and costs of the Settlement Administrator, the payment to the State of California, the Service Payment to the Class Representative, and the fees and costs of Class Counsel. **It is not necessary for you to appear at this hearing to participate in the settlement.** If you want to be heard orally in support of or in opposition to the Settlement, either personally or through counsel, you must comply with the procedures set forth above.

## 9.    HOW CAN I GET MORE INFORMATION?

The above is a summary of the basic terms of the Settlement.  For the precise terms and conditions of the Settlement, you are referred to the Class Action Settlement and Release of Claims.  The Class Action Settlement and Release, as well as the pleadings and other records in this litigation, including Motion for Preliminary Approval, Motion for Final Approval, and Motion for Attorneys' Fees, Costs and Service Payment, are available by accessing the Court docket in this case through the Court's Public Access to Electronic Records (Pacer) system at https://ecf.caed.uscourts.gov, or by visiting the Clerk of the Court at any time between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court Holidays, in the Clerk's Office located at the in Room 1501 on the 1st Floor of the Robert E. Coyle United States Courthouse, 2500 Tulare Street, Fresno, CA 93721.

If you have questions about the Settlement, you may contact Class Counsel or the Claims Administrator as follows:

| Class Counsel | |
|---|---|
| Robert J. Wasserman, Esq.<br>William J. Gorham, Esq.<br>Mayall Hurley P.C.<br>2453 Grand Canal Blvd.<br>Stockton, CA 95207<br>Telephone:  (209) 477-3833 | William L. Marder<br>POLARIS LAW GROUP, LLP<br>501 San Benito Street, Suite 200<br>Hollister, CA 95203<br>Telephone:  (831) 531-4214 |
| Dennis S. Hyun<br>HYUN LEGAL, APC<br>515 Figueroa Street, Suite 1250<br>Los Angeles, CA 90071<br>Telephone:  (213) 488-6555 | Edward W. Choi<br>Law Offices of Choi & Associates<br>515 Figueroa Street, Suite 1250<br>Los Angeles, CA 90071<br>Telephone:  (213) 381-1515 |
| **Claims Administrator** | |
| Wise v. ULTA Salon, Cosmetics & Fragrance, Inc.<br>c/o _____, ____<br>ADDRESS<br>CITY, STATE ZIP<br>Telephone:  (209) 867-5309 | |

**PLEASE DO NOT WRITE OR TELEPHONE THE COURT FOR INFORMATION ABOUT THE PROPOSED SETTLEMENT OR THIS LAWSUIT.**

**THE COURT HAS APPROVED THIS NOTICE.**

# Exhibit 2

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELIZABETH WISE, an individual,**<br><br>    **Plaintiff,**<br><br>**vs.**<br><br>**ULTA SALON, COSMETICS & FRAGRANCE, INC.; and DOES 1-100, inclusive,**<br><br>    **Defendants.** | **Case No.: 1:17-cv-00853-DAD (Lead Case)**<br><br>**Case No.: 1-18-cv-00750-DAD (Member Case)**<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Plaintiffs Elizabeth Wise and Julie Zepeda's Motion for Preliminary Approval of Class and Collective Action Settlement ("Motion for Preliminary Approval") came on for hearing on June ___, 2019, at 9:30 a.m., before the honorable Dale A. Drozd. Robert J. Wasserman and Edward W. Choi appeared on behalf of Plaintiffs Elizabeth Wise and Julie Zepeda and Kai-Ching Cha appeared on behalf of Defendant ULTA Salon, Cosmetics & Fragrance, Inc. ("Defendant"). The Court, having fully and carefully reviewed Plaintiff's Motion for Preliminary Approval, the memorandum and declarations in support thereof, the Settlement Agreement, and the proposed Class Notice, as well as Defendant's Notice of Non-Opposition thereto, hereby makes the following determinations and orders[1]:

1.    Plaintiffs Elizabeth Wise and Julie Zepeda are preliminarily appointed as Class Representatives.

2.    Mayall Hurley P.C., by and through Lead Counsel Robert J. Wasserman, William J. Gorham, III, Nicholas J. Scardigli, and Vladimir J. Kozina; Polaris Law Group, LLP, by and through William L. Marder; Law Offices of Choi & Associates, by and through Edward W. Choi; and Hyun Legal, APC, by and through Dennis S. Hyun, are hereby preliminarily approved and appointed as Class Counsel.

---

[1] All terms used in this Order Preliminary Approval of Class and Collective Action Settlement (the "Order") shall have the same meanings given those terms in the Parties' Class Action Settlement Agreement and Release of Claims ("Settlement Agreement" or "Settlement"), a copy which is attached as **Exhibit A** to the Declaration of Robert J. Wasserman, and made a part of this Order.

3.     Simpluris, Inc. is appointed as the Settlement Administrator and shall administer the Settlement in accordance with the terms set forth in the Settlement Agreement and perform the functions set forth therein.  The Court also preliminarily approves declared fees and costs of administering the Settlement of up to $16,000.

4.     The class of employees covered by the Parties' Settlement consists of all current and former non-exempt California ULTA Salon Professionals who earned commissions, non-discretionary bonuses and/or additional hourly compensation under Defendant's Path to Abundance Salon Commission Plan Document, during at least one pay period between December 30, 2016 and August 25, 2018.  The Class is estimated to include approximately 1,843 individuals.

5.     The Court grants preliminary approval of the Settlement between Plaintiffs and, based upon the terms set forth in the Settlement Agreement.

6.     The terms of the Settlement Agreement appear to be fair, adequate and reasonable.

7.     The Court approves, as to form and content, the Class Notice, in substantially the form attached to the Settlement Agreement as **Exhibit 1.**  The Court further approves the procedure by which Class Members may opt out of, or to object to, the Settlement as set forth in the Settlement Agreement and the Class Notice.

8.     The Court directs the mailing of the Class Notice in accordance with the terms of the Settlement Agreement and on the schedule set forth below.  The Court finds the dates selected for the mailing and distribution of the Class Notice, as set forth below, meet the requirements of due process and provide the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

9.     Subject to further consideration by the Court at the time of the Final Approval Hearing, the proposed PAGA allocation and payment to the LWDA is preliminarily approved.

10.     Subject to further consideration by the Court at the time of the Final Approval Hearing, the proposed Service Payments of $10,000 each ($20,000 combined), or .588% of the Maximum Settlement Amount, to Plaintiffs for their service as Class Representatives are preliminarily approved.

11.    Subject to further consideration by the Court at the time of the Final Approval Hearing, Class Counsel's request of attorneys' fees in the amount of one-third of the Maximum Settlement Amount, or $1,133,333.33, and declared costs of up to $60,000, are preliminarily approved.

12.    The Court adopts the following dates and deadlines:

| | |
|---|---|
| Defendant to provide Class List to the Settlement Administrator. | Within 10 calendar days of the Court's execution of the Order Granting Preliminary Approval. |
| Settlement Administrator to mail Class Notice. | Within 10 calendar days of its receipt of the Class List from Defendant. |
| Deadline for Class Members to object to, or opt out of, the Settlement. | Within 45 calendar days after the mailing of the Class Notice. |
| Plaintiff to file Motion for Attorneys' Fees, Costs and Service Payments. | Not less than 35 calendar days after the mailing of the Class Notice. |
| Deadline for Plaintiff to file Motion for Final Approval. | Not less than 35 calendar days after the mailing of the Class Notice. |
| Final Approval Hearing. | Not less than 85 days after the Court's execution of the Order Granting Preliminary Approval. |

13.    A Final Approval hearing on the question of whether the proposed Settlement, attorneys' fees to Class Counsel, and the Class Representative's Service Payment should be finally approved as fair, reasonable and adequate is scheduled in for _____ ___, 2019 at 9:30 a.m.

14.    The parties to the Agreement are directed to carry out their obligations under the Settlement Agreement.


Dated: _____

_____
HON. DALE A. DROZD
UNITED STATES DISTRICT JUDGE